GOTTHARDT SCHIPPEL V. WRIGHT NORTON, *an infant, by John J. Norton, his next friend.*

1. MALICIOUS PROSECUTION; *Good Defense.* It is a good defense to an action for malicious prosecution, that the defendant, before commencing the alleged malicious prosecution, it being a criminal prosecution, presented the matter to the county attorney, fairly stating to him all the facts, and then in good faith followed the advice of the county attorney.

2. PROSECUTION BEFORE JUSTICE, *Dismissed; Practice.* Where a criminal prosecution is commenced before a justice of the peace, and is afterward dismissed with the intention of commencing it again in the district court, and on the same day it is commenced in the district court, *held,* that such criminal prosecution before the justice of the peace cannot constitute the basis of an action for a malicious prosecution while the criminal prosecution is still pending in the district court.

3. ———— Where no actual damage is suffered, no exemplary damages can be recovered.

*Error from Saline District Court.*

ACTION by *Norton* against *Schippel,* to recover damages for malicious prosecution. Trial at the December Term, 1885, and judgment for plaintiff for $1 as exemplary damages, and costs amounting to $545.10. The defendant brings the case here. The facts sufficiently appear in the opinion.

*Garver & Bond,* for plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Saline county, by Wright Norton against Gotthardt Schippel, for an alleged malicious prosecution. The foundation for this action is the same as Wagstaff's in the case of *Wagstaff v. Schippel,* 27 Kas. 450. The facts of the case, briefly stated, are as follows: On or about December 27, 1879, Norton, Wagstaff, and another, through a mistake of boundary lines, went upon the land of Schippel and cut down and carried away one or more trees standing and growing thereon.

Immediately thereafter, Schippel consulted the county attorney, stated to him the facts, and the county attorney advised the commencement of a criminal prosecution against Norton and the others, under §1, chapter 113, of the Compiled Laws of 1879. Such prosecution was so commenced before E. L. Norton, a justice of the peace of said county, on December 31, 1879, the county attorney having charge thereof. About January 6, 1880, the county attorney dismissed this prosecution, and on the same day commenced a new prosecution in the district court against Norton and the others, for the same offense. Afterward, and on March 3, 1880, Norton commenced this present action against the defendant, Schippel. The case was tried before the court and a jury, and the jury rendered a general verdict in favor of Norton and against Schippel for $1 as exemplary damages, and also made special findings of fact showing the foregoing facts, and also showing that the one dollar was for exemplary damages, and that nothing was allowed for actual or compensatory damages. The general verdict reads as follows:

"We, the jury impaneled and sworn in this action, do, upon our oaths, find for the plaintiff, and do assess his damages in the sum of one dollar and — cents, exemplary."

Among the special findings are the following:

"6. What number of other trees were cut about the same time and place on defendant's land ? *Ans.:* We don't know."

"9. At the time Mr. Schippel instituted the prosecution complained of before E. L. Norton, did he believe that the plaintiff Wright Norton was guilty of cutting some of his timber as charged in said complaint without right or legal excuse? A. He may have believed so."

"11. At the time defendant Schippel verified the complaint before E. L. Norton upon which plaintiff and others were arrested, did he have reason to believe that such complaint was true as to the cutting or carrying away of one or more trees on his land ? A. No, except the cottonwood and hackberry stub.

"12. Before making and verifying said complaint, did defendant make a statement of the facts of the case, as then known by him, to the county attorney, John G. Spivey? A. Yes.

"13. Was such statement substantially full and correct?
A. Yes."

"15. Did Mr. Schippel in good faith go to the county attorney for the purpose of obtaining his advice in the case, and of placing in his control any prosecution that might be had?
A. Not absolutely."

"17. Did the county attorney, upon being informed of the facts as then understood by Mr. Schippel, advise Mr. Schippel that John I. Norton, Wright Norton and Alonzo Wagstaff were guilty of a criminal trespass, and liable to such prosecution as was instituted against them? A. Yes."

"20. Upon the statement of the case made by Mr. Schippel to the county attorney, and upon the information the county attorney had of the facts, did the county attorney take control of said prosecution as to its being commenced, and as to the disposition that was made of it? A. He did, as attorney."

"23. Was the county attorney's action in said prosecution based upon a knowledge of the facts substantially as they existed and as known to Mr. Schippel at the time? A. Yes."

"28. Did the county attorney dismiss the case before E. L. Norton, intending to immediately prefer the same charge in the district court? A. He did, as attorney.

"29. Did the county attorney, immediately after the dismissal of said case before Justice Norton, and on the same day the case was dismissed, file an information against John I. Norton, Wright Norton and Alonzo Wagstaff for the same offense in the district court? A. Yes.

"30. Was the case upon such information pending in the district court when this action was commenced? A. Yes.

"31. If the jury should find for the defendant, state separately the amounts allowed for actual and exemplary damages, and the several items of each. A. One dollar, exemplary damages."

Some of the findings with reference to Schippel's good faith are apparently in conflict with some of these above given. Judgment was rendered upon the verdict and the findings of the jury in favor of Norton and against Schippel for one dollar and costs of suit, and to reverse this judgment Schippel, as plaintiff in error, brings the case to this court. The principal errors alleged in this court are as follows:

1. It is claimed that Schippel stated the facts to the county attorney, and then took his advice with reference to the com-

mencement of the aforesaid prosecution, and as the special findings of the jury show these facts, it is therefore shown that Schippel had probable cause to commence this prosecution, and therefore that he cannot be liable to an action for malicious prosecution.

2. It is also claimed that as the criminal prosecution was still pending in the district court when this action for malicious prosecution was commenced, there was no such a termination of such criminal prosecution as would justify the commencement of this action for malicious prosecution.

3. It is also claimed that as the jury did not find any actual or compensatory damages, but only one dollar as exemplary damages, no judgment could rightfully be rendered upon their verdict.

4. It is also claimed that the court below erred in the admission of testimony tending to show the financial condition of Schippel, or in other words, that he was wealthy.

5. It is also claimed that the court below erred in refusing to permit Schippel to show the general bad character and reputation of Norton for honesty, in the neighborhood in which they both lived.

I. We think it is a good defense to an action for malicious prosecution, that the defendant, before commencing the alleged malicious prosecution, it being a criminal prosecution, presented the matter to the county attorney, fairly stating to him all the facts, and then in good faith followed the advice of the county attorney. Such a thing completely rebuts the allegation of the plaintiff that there was a want of probable cause for commencing the prosecution, and it of itself shows probable cause. (Bigelow on Torts, 22, *et seq.;* 3 Suth. Dam. 708; Cooley on Torts, 183; *Laughlin v. Clawson,* 27 Pa. St. 328.) It would be otherwise, however, if the defendant knowingly misstated the facts, and it might be otherwise if in bad faith he should fail to follow the advice of the county attorney. See the authorities above cited, and also *Dennis v. Ryan,* 65 N. Y. 385.

II. In legal contemplation, we do not think that the criminal prosecution in the present case had terminated when this

action for malicious prosecution was commenced, and therefore this action for malicious prosecution cannot be maintained. (1 Hillard on Torts, 3d ed., 450, *et seq.*) In the case of *Marbourg v. Smith*, 11 Kas. 554, 562, the following language is used:

"In an action for malicious prosecution we suppose that the plaintiff must allege and prove that he has been prosecuted by the defendant; that the prosecution was malicious; that it was instituted without probable cause; *that the prosecution has terminated in his favor;* and that he has sustained damage. But it is not necessary that there should have been a trial upon the merits of the alleged malicious prosecution. If the action has been dismissed, as in this case, that is sufficient, *if the action has not been commenced again.* (*Fay v. O'Neill*, 36 N.Y. 11; *Burhans v. Sanford*, 19 Wend. 417; *Secor v. Babcock*, 2 Johns. 203; *Chapman v. Woods*, 6 Blackf. 504; *Hays v. Blizzard*, 30 Ind. 457.) The reasons why an action should be terminated in favor of a defendant before the defendant can commence an action for malicious prosecution would seem to be as follows: *First,* If the action is still pending the plaintiff therein may show in that action that he had probable cause for commencing the suit, by obtaining a judgment therein against the defendant, and he should not be called upon to show such fact in a second action until he has had this opportunity of showing it in the first; *second,* and if the action has terminated against the defendant, then there is already an adjudication against him, showing conclusively that the plaintiff had probable cause for commencing the action. When neither of these reasons applies, we suppose the action for malicious prosecution may be maintained, if the other necessary facts can be shown. If the plaintiff has neither shown nor is attempting to show by an action in which he is plaintiff [or prosecutor] that he had probable cause for commencing his action, then the defendant may show in an action brought by himself that the plaintiff did not have probable cause."

If the criminal prosecution in the present case had been dismissed with no intention of commencing it again in the district court or elsewhere, or if the delay had been made in commencing the criminal prosecution again, so as to lead the plaintiff to believe that the criminal prosecution had been finally terminated, and if he had then, and at once, com-

menced his action for malicious prosecution, he might probably maintain the same. But in all reason he should not be allowed to maintain such an action, when substantially the same criminal prosecution as the one upon which he founds his action is still in the courts, undisposed of.

III. Where no actual damage is suffered, surely no exemplary damages can be allowed. Exemplary damages can never constitute the basis of a cause of action. They are never more than incidents to some action for real and substantial damages suffered by the plaintiff; and when given they are given only in addition to the real and actual damages suffered and recovered by him. And when given, they are not given upon any theory that the plaintiff has any just right to recover them, but are given only upon the theory that the defendant deserves punishment for his wrongful acts, and that it is proper for the public to impose them upon the defendant as punishment for such wrongful acts in the private action brought by the plaintiff for the recovery of the real and actual damages suffered by him. No right of action for exemplary damages, however, is ever given to any private individual who has suffered no real or actual damages. He has no right to maintain an action merely to inflict punishment upon some supposed wrongdoer. If he has no cause of action independent of a supposed right to recover exemplary damages, he has no cause of action at all. As lending support to the foregoing views, we would refer to the following cases, to wit: *Gilmore v. Mathews,* 67 Me. 517; *Stacy v. Publishing Co.,* 68 id. 279; *Freese v. Tripp,* 70 Ill. 496; *Meidel v. Anthis,* 71 id. 241; *Ganssly v. Perkins,* 30 Mich. 492; *Maxwell v. Kennedy,* 50 Wis. 645, 648, 649.

It is unnecessary to consider the other questions presented by counsel.

The judgment of the court below will be reversed, and the cause remanded, with the order that judgment be rendered on the special findings of the jury in favor of the defendant below and against the plaintiff below.

All the Justices concurring.