## GEORGE WEST V. THE WESTERN UNION TELEGRAPH COMPANY.

1. TELEGRAM, *Not Delivered; Agency; Action by Father.* Where a son, for the benefit of his father, left a written message at the office of a telegraph company, properly addressed to his father, with direction to the agent to forward it immediately, and paid the amount of money demanded by the agent for the transmission and delivery of the same, and subsequently, with a full knowledge of all the facts, the father returned to his son the money paid by him to the telegraph company and fully ratified his acts in the transaction, and the message was never delivered, *held*, that the father may maintain in his own name an action for a breach of the contract against the telegraph company. (*Dresser v. Wood*, 15 Kas. 344; *Burton v. Larkin*, 36 id. 246.)

2. DAMAGES — *Measure of Recovery.* Where a written message, which is accepted by a telegraph company for transmission and delivery, although paid for, is never delivered on account of the gross negligence of the agents of the company, *held*, that the person who may maintain an action on the contract is entitled to recover against the

telegraph company his actual damages, caused by a breach thereof, including also the money paid for the transmission and delivery of the message. (*Telegraph Co. v. Howell,* 38 Kas. 685; *Telegraph Co. v. Crall,* 38 id. 679.)

3. EXEMPLARY DAMAGES, *When.* Where a telegraph company accepts a written message and receives pay for its immediate transmission and delivery, and the agents of the company fail to transmit or deliver the same on account of such gross negligence as amounts to wantonness or a malicious purpose, *held,* that the company will be liable in addition to the actual damages sustained, also to exemplary damages.

4. MENTAL ANGUISH — *No Damages.* Where an action is brought against a telegraph company to recover damages for a breach of contract in failing to deliver a message announcing a death, *held,* that damages cannot be recovered by the plaintiff solely for the mental anguish or suffering occasioned by the non-delivery of the message.

*Error from Shawnee District Court.*

ON November 12, 1885, *George West* brought this action against *The Western Union Telegraph Company,* and alleged :

"That the defendant, the Western Union Telegraph Company, was, at the time of the grievances hereinafter stated, and is now, a corporation duly organized and incorporated under the laws of the state of New York, and as such was and is doing business in the state of Kansas, and was and is owning and operating a telegraph line in the state of Kansas, between the city of Topeka, in and through Shawnee county, and the city of Delphos, Ottawa county, in the state of Kansas, and was then and is now engaged as a common carrier for hire, in sending messages for the public, by means of such telegraph between said points.

"Plaintiff further states, that on or about the 14th day of September, 1885, he was temporarily at the city of Delphos, in the state of Kansas, and that on or about said date the plaintiff, by his agent, John G. West, made and entered into a contract with defendant, its agents and employés, at the city of Topeka, which, in consideration of the sum of forty cents to it paid by plaintiff, undertook, promised and agreed to transmit and deliver, without unnecessary delay, a certain telegraphic message to plaintiff, at the city of Delphos, state of Kansas, where plaintiff was temporarily residing as aforesaid, which message was in words and figures following, to wit:

"'NORTH TOPEKA, KANSAS, September 14, 1885.— *To George West, Delphos, Kansas, care of post office:* Uncle Sam died last night; funeral Wednesday.                    JOHN G. WEST.'

"That plaintiff, by his agent as aforesaid, then and there paid defendant forty cents, the regular consideration and price by it charged for transmitting and delivering said message from the city of Topeka to the city of Delphos in the state of Kansas, which consideration was then and there accepted by defendant, and for which it agreed, without unnecessary delay as aforesaid, to transmit said message to plaintiff at the city of Delphos as aforesaid, and deliver the same to plaintiff in person, or in care of the post office, at said city of Delphos; that although defendant well knew the whereabouts of plaintiff, and the post office, in care of which said message was sent at said city of Delphos, state of Kansas, and could and should have delivered the same to plaintiff as aforesaid on the same day it was sent, yet defendant, its agents and employés, maliciously and in gross neglect of duty failed and refused to deliver the same to plaintiff, or to the post office as aforesaid, within a reasonable time, but grossly and maliciously neglected and failed to deliver said message to plaintiff when called for by him in person, and never delivered the same to plaintiff or in care of the said post office as by its contract it had obligated itself to and was bound to do.

"Plaintiff further avers, that at the time of the said grievances he was seventy-three years of age, and had an only brother, Samuel C. West, who was seventy-six years of age, and who resided in Philadelphia, Pennsylvania, and that said telegram was to notify plaintiff of the death of his said brother Samuel, which was then and there to the defendant, its agents and employés, well known, and whose funeral the plaintiff desired to and would have attended, but for the gross negligence of defendant, its agents and employés, to deliver said message to plaintiff, as by the contract it obligated and bound itself to do; that the funeral of the said Samuel C. West, deceased, was deferred so that plaintiff could attend the same, and which the plaintiff intended to and would have done, if said telegram had been delivered within a reasonable time, in accordance with said contract, but in consequence of the failure and gross and malicious negligence of the defendant, its agents and employés, to deliver said dispatch, as by its said contract it had obligated itself, and was bound to do, the plaintiff was deprived of the satisfaction and pleasure of seeing his said brother, and being present at his funeral, and because of which plaintiff suffered great and irreparable injury, distress and mental pain and anguish, and which was great and overpowering, and was due and caused by the failure and gross and malicious neglect

of the defendant, its agents and employés, to comply with, and in breach of, its said contract. And thereby also, because of the failure of defendant to transmit and deliver said telegram to plaintiff, as it was bound to do, the plaintiff was forced to and did then and there lay out and expend large sums of money, and performed labor, to wit, ten dollars, in and about making search for, and attempting to find said telegram, caused by the failure and gross and malicious neglect of the defendant, its agents and employés, to comply with, and in breach of, its said contract, and by its negligence.

"Wherefore, the said damage sustained, as aforesaid, by reason of the breach of contract and gross negligence of the defendant, through its agents and employés, was and is in the sum of ten thousand dollars, for which plaintiff demands judgment, costs, and other relief."

On December 8, 1885, the telegraph company filed its answer, containing a general denial. On September 30, 1886, trial had before the court, with a jury. After George West had testified, and also produced the evidence of John West, George W. Strickler, Delia A. Knowles, James Clark, Lizzie Strickler, Levi Reynolds, and Joseph McDonough, the telegraph company demurred to all of the testimony, upon the ground that it did not prove, or tend to prove, a cause of action in favor of the plaintiff and against the defendant. After argument, the demurrer was sustained by the court and the case taken from the jury. Thereupon judgment was rendered against the plaintiff and in favor of defendant for all the costs. The plaintiff subsequently filed his motion for a new trial, containing all the statutory grounds, which was overruled. He excepted, and brings his case here.

*Jetmore & Son*, for plaintiff in error.

*J. B. Johnson*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by George West against the Western Union Telegraph Company, to recover ten thousand dollars damages, occasioned, as claimed in the petition, by the gross and malicious negligence of the

company to transmit and deliver the following telegraphic message:

"NORTH TOPEKA, KANSAS, September 14, 1885.—*To George West, Delphos, Kansas, care post office:* Uncle Sam died last night; funeral Wednesday.      JOHN G. WEST."

Upon the trial, after the plaintiff had closed his evidence, the telegraph company interposed, and filed a demurrer thereto, upon the ground that no cause of action was proved. The court sustained the demurrer. The plaintiff excepted, and brings the case here for review.

The testimony introduced tended to show that the foregoing written message was handed by John West, the son of George West, to the agent of the telegraph company, at its office at North Topeka on the afternoon of its date, with directions "to forward it immediately;" that the message was ordered by John West to be sent for the benefit of his father; that he paid the agent forty cents for sending the message; that subsequently his father repaid to him the money; that Delphos is about one hundred miles west of North Topeka; that at the date of the message and subsequently, it was operating a telegraph line for hire between the towns of North Topeka and Delphos, with an office in each town; that George West has resided in Kinmundia, Illinois, since 1859; that in September, 1885, he was visiting in Kansas, and at the date of the message and for several days thereafter was with friends in the neighborhood of Delphos; that Samuel C. West was his oldest brother, and after his death that he had no other brother living; that Samuel lived at Philadelphia, Penn., and at the time of his death was seventy-eight years of age; that George West was seventy-three years of age; that he was expecting to hear of the death of his brother, on account of his ill-health, and was anxious to attend his funeral, if notified in time; that while in Kansas he had so fixed his matters as to start at a moment's warning to attend the funeral; that on September 14, 1885, he inquired at the post office at Delphos for his mail, but did not receive the telegram; that he inquired

frequently afterward and sent others to inquire for his mail, but never received the telegram; that subsequently he learned by a letter from his son John of the death of his brother Samuel, but the information came too late for him to attend the funeral; that if he had received the telegram within a reasonable time after it had been sent, he could have attended the same; that his son John informed the agent at the office of the telegraph company in North Topeka that the message had never been delivered; that George West also inquired at the office of the telegraph company at Delphos on the morning of the 18th of September for the telegram; that the agent said that none had been received for him; that he then told the agent "he would investigate the matter," and he replied "he had received none, and that none could have been received without his knowing it;" that both George West and John West were informed by the agent at North Topeka that the message had been sent over the wire at its date to Delphos; that the telegram was never delivered to the post office at Delphos, or to George West, by the agent of the telegraph company, or anyone else.

Upon what grounds the trial court sustained the demurrer to the evidence, is not clearly disclosed. In our opinion, the demurrer should have been overruled, as there was ample evidence introduced for the case to go to the jury. The message was written and delivered at the office in North Topeka, and paid for by John West, the son of the plaintiff, for the benefit of the latter. Subsequently George West returned to his son the money paid by him to the telegraph company, and ratified and approved his son's acts in the transaction, in all respects as if the message originally had been written and sent under his direction. In *Burton v. Larkin*, 36 Kas. 246, it was held that "a person for whose benefit a promise to another, upon a sufficient consideration, is made, may maintain an action on the contract in his own name against the promisor." In *Dresser v. Wood*, 15 Kas. 344, it was held "that where an action is commenced by an attorney at law without the knowledge or

consent of the plaintiff, the plaintiff may afterward ratify the same, and thereafter be entitled to all its benefits." The contract, therefore, made by the son with the telegraph company for the benefit of his father, which was afterward approved and ratified by the father, was sufficient as the basis of this action. The plaintiff, upon the evidence introduced, was entitled to recover judgment against the defendant for his actual damages, including the forty cents paid for the transmission of the message. (*Telegraph Co. v. Howell*, 38 Kas. 685; *Telegraph Co. v. Crall*, 38 id. 679; *Logan v. Telegraph Co.*, 84 Ill. 468.)

Further than this, if upon another trial it shall be established that there was such gross negligence on the part of the agents of the telegraph company as to indicate wantonness, or a malicious purpose in failing to transmit and deliver the message, then the plaintiff would be entitled to exemplary damages. Such damages are given more to punish the wrongdoer than to recompense the party injured. (Scott & J. Tel., §§ 417, 418; *S. K. Rly. Co. v. Rice*, 38 Kas. 398; same case, 16 Pac. Rep. 817, and cases cited therein.) In *Schippel v. Norton*, 38 Kas. 567, we recently held, where no actual damage is suffered no exemplary damages can be recovered; but as actual damages are shown in this case, that decision is not applicable.

It seems, however, to be claimed upon the part of the plaintiff that he is entitled to recover for his mental anguish or suffering occasioned by the delay in the announcement of the death of his brother. Where mental suffering is an element of physical pain, or is a necessary consequence of physical pain, or is the natural and proximate result of the physical injury, then damages for mental suffering may be recovered, where the injury has been caused by the negligence of the defendant; but in an action of this kind, we do not think that damages for mental anguish or suffering can be allowed. "Such damages can only enter into and become a part of the recovery where the

*Marginalia:*
1. Telegram, not delivered; agency; action by father.
2. Damages—measure of recovery.
3. Exemplary damages, when.
4. Mental anguish—no damages.

mental suffering is the natural, legitimate and proximate conse-
quence of the physical injury." (*City of Salina v. Trosper*, 27
Kas. 544.) The general rule is: "That no damages can be
recovered for a shock and injury to the feelings and sensi-
bilities, or for mental distress and anguish caused by a breach
of the contract, except a marriage contract." (*Russell v. Tele-
graph Co.*, [Dakota,] 19 N. W. Rep. 408.) In *So Relle v.
Telegraph Co.*, 55 Tex. 308, it was decided that an action for
mental suffering alone can be maintained. The opinion in
that case, however, was prepared by a member of the com-
mission of appeals of Texas. And subsequently, in the case
of *Railway Co. v. Levy*, 59 Tex. 563, the supreme court of
Texas overruled that decision. (See also Wood's Mayne Dam.,
1st Am. ed., 74.)

We also add that the trial court should have permitted the
plaintiff to show the arrangements made with his son John to
forward to him at Delphos all telegrams and mail matter that
came addressed to him at Topeka.

The judgment of the district court will be reversed, and
the cause remanded for further proceedings, in accordance with
the views herein expressed.

All the Justices concurring.