THE WESTERN UNION TELEGRAPH COMPANY V.
MOSE LAWSON.

No. 13,075.    (72 Pac. 283.)

SYLLABUS BY THE COURT.

1. TELEGRAPH COMPANY—*Actual Damages.* Money paid for the transmission and delivery of a telegraphic message is recoverable as actual damages in an action to recover damages for the non-delivery of such message.

2. ———— *Exemplary Damages.* Exemplary damages are recoverable against a telegraph company by the sender of a death message, if through the gross negligence of the agents of the company such telegram be not delivered.

Error from Rice district court; ANSEL R. CLARK, judge. Opinion filed April 11, 1903. Affirmed.

*George H. Fearons,* and *Rossington, Smith & Histed,* for plaintiff in error.

*Samuel Jones,* and *C. F. Foley,* for defendant in error.

The opinion of the court was delivered by

GREENE, J. : The plaintiff in error prosecutes this proceeding to reverse a judgment awarding actual and exemplary damages against it for the non-delivery of a death telegram. Two contentions are urged : (1) That exemplary damages cannot be awarded in any case unless the party is entitled to, and is awarded, actual damages ; that no actual damages were recoverable or awarded in this case, and, therefore, a judgment for exemplary damage is erroneous ; (2) that the evidence does not tend to show that plaintiff in error, in not more promptly delivering the telegram, was guilty of that degree of negligence that will warrant a finding or judgment for exemplary damages.

It appears that plaintiff below, Mose Lawson, and

wife lived at Olathe, Kan., and that Mrs. Newby, a married daughter, lived with her husband, David Newby, at Lyons, Kan. On October 22, 1900, Mose Lawson prepaid and delivered to the defendant's agent at Olathe, to be transmitted and delivered to David Newby at Lyons, Kan., the following telegram :

"OLATHE, KAN., Oct. 22, 1900.
"*Dave Newby, Lyons, Kan.*:
"Mama died at 3 o'clock last night. Funeral 2 o'clock Tuesday, at Olathe. MOSE LAWSON."

This telegram was received at the company's office at Lyons on the morning of the day it was sent, but was not delivered until October 29, when Newby called at the office and inquired for it.

The petition contained sufficient allegations to entitle plaintiff to recover any actual or exemplary damages which he could establish by evidence.

David Newby had lived in Lyons some five or six months prior to the transmission of the telegram. He was a harness-maker and worked in the harness shop of one Swenson on the public square in Lyons, and part of the time waited on customers. His residence was about a block from the post-office where he received his mail. He had an acquaintance with most all of the business men of the city, who, when he visited their places of business, called him by name.

The messenger boy to whom the message was given for delivery had lived at Lyons about ten years. He saw the message, but did not know whether it was a death message or that some one was sick ; he did not know Newby, but supposed he was a traveling man. In an attempt to deliver the message he went to both hotels, looked over the registers, and not finding Newby registered inquired of the proprietors about him, neither of whom could give him any informa-

tion. He then returned, without further inquiry, and reported that he was unable to find the addressee, and delivered the message to the agent in charge of the office. The message was hung on a hook, where it remained without further effort to deliver it until called for by Newby several days thereafter.

We do not agree with counsel that no actual damages were recoverable or awarded in this action. The plaintiff prepaid the charges for the transmission and delivery of the message and one cent in addition for a revenue stamp, amounting to fifty cents. This constitutes actual damages; the amount paid is not determinative of the question whether damages are actual or nominal. Actual damages are such losses as are actually sustained and are susceptible of ascertainment. Nominal damages arise by implication of law for the violation of the rights of another from which injury arises, but which are either incapable of ascertainment, or the value of which the proof wholly fails to show. Where, however, actual damages have been established by the proof and allowed by the jury or court, however small, exemplary damages may be also recovered, if the evidence warrants such recovery.

The only remaining question, and, in reality, the only substantial one in this case, is, Was there substantiated evidence in the case from which the jury could say that the plaintiff was entitled to exemplary damages? The rule is too well settled in this state to admit of modification or change, that in all actions to recover damages for negligence, where actual damages are recoverable, the plaintiff is entitled to recover exemplary damages if the negligence be so gross as to amount to wantonness. (*Albert Wiley v. Keokuk*, 6 Kan. 94; *L. L. & G. Rld. Co. v. Rice*, 10 id. 426; *K. P. Rly. Co. v. Kessler*, 18 id. 523; *S. K. Rly. Co. v. Rice*,

38 id. 398, 16 Pac. 817, 5 Am. St. Rep. 766; *West v. Telegraph Co.*, 39 id. 93, 17 Pac. 807, 7 Am. St. Rep. 530; *A. T. & S. F. Rld. Co. v. Stewart*, 55 id. 667, 41 Pac. 961.) The term "wantonness" as here used does not necessarily mean malice, but a reckless disregard of the rights of others.

The evidence fairly tends to support the verdict of the jury in this case. The carelessness of the messenger boy in charge of this telegram, knowing as he did that it was either a death message or that some one was sick, cannot be excused or palliated, nor can it be reconciled with that degree of care required under such circumstances. He assumed, without excuse or reason, that Newby was a traveling man; he went to the two hotels in the city, searched the registers, and found that no such person was registered at either; he then inquired of the proprietors in regard to Newby and was informed that no such person was stopping at either place. The information thus obtained should have been sufficient to disabuse his mind of the supposition that Newby was a traveling man, or at least admonished him that he might not be, and that he would better inquire elsewhere. Instead of making further inquiry he returned to the office of the company, informed the operator that he had been unable to find the addressee, and hung the message on the hook, where it remained until Newby called for it several days thereafter; not, however, until after Newby had telephoned to the office asking if such a message was there, and was informed that it was not.

Had this boy inquired at the post-office or of the business men at their places of business, he would have found the addressee. To make these inquiries would have been exercising only ordinary diligence.

This course would have suggested itself to the ordinary mind of anyone the least concerned about his duties or the rights of others. Had this messenger-boy employed the most easily accessible agencies, he would have found Newby. His negligence to do this exhibits a reckless disregard of the rights of others, amounting to wantonness, for which the defendant was liable for such actual damages as were sustained by the plaintiff, as well as exemplary damages for its gross negligence in not transmitting and delivering the message.

The judgment of the court below is affirmed.

All the Justices concurring.