THE WESTERN UNION TELEGRAPH COMPANY V. J. B. BODKIN.

No. 15,917.　(101 Pac. 652.)

SYLLABUS BY THE COURT.

1. DAMAGES—*Exemplary—Failure to Deliver a Death Message.* The plaintiff alleged that he delivered a message to the defendant's operator for transmission, and paid the charges therefor, to inform his father of the shipment of the remains of a deceased brother. The message was not transmitted, and the only explanation offered by the company was the testimony of the operators that they did not receive it. The jury, having found that the message was in fact delivered and the toll paid, as alleged, could in their discretion allow reasonable exemplary damages in addition to actual damages for the amount of the charges paid, no other actual loss being shown.

2.————— *Excessive — Remittitur.* Upon consideration of the findings and all the circumstances proved the award of exemplary damages is held to be excessive, and the plaintiff is allowed to remit a part thereof. If he fail to do so, a new trial is ordered.

Error from Labette district court; ELMER C. CLARK, judge. Opinion filed April 10, 1909. Modified.

STATEMENT.

A BROTHER of the plaintiff died at Kansas City on the evening of August 22, 1906. The widow sent a telegram to the plaintiff asking him to come. She also sent a telegram to the plaintiff's sister, at Denison, Tex. In compliance with the request of the widow and a message sent by his father at Denison asking him to bring the remains to that city the plaintiff went to

Kansas City, and on the morning of August 24 sent a telegram from that place to his father, G. N. Bodkin, reading: "Will ship remains; will advise you later." On the afternoon of that day the plaintiff delivered to defendant's operator at the Western Union Telegraph office in the union depot at Kansas City, Mo., a telegram then written by him on one of the company's blanks, addressed to his father at Denison, Tex., and paid the toll therefor, saying in substance that he would start with the corpse for Denison that evening. This message was not transmitted. On the evening of the same day the plaintiff and his wife and the widow and her father left Kansas City, Mo., with the body, by a train which arrived at Denison at 12:30 P. M. the next day. The relatives of the deceased and the undertakers who had been engaged by them did not meet this party upon their arrival, because they did not receive the expected notice of the time of their departure or arrival. Finding no one at the station to meet them, the plaintiff remained there with the corpse, and the others went to G. N. Bodkin's home, one mile distant. The undertakers arrived at the station in half an hour, and removed the corpse to the father's residence. The failure to meet the body at the station did not delay the funeral or prevent any relative from attending it. The manager of the defendant at Denison was a neighbor of the family and had telephoned them all messages received relative to the death and shipment of the remains, and upon receiving the message—"Will ship remains; will advise you later"—he instructed his force to watch for further messages.

All these facts are admitted, except the delivery of the message to the operator at Kansas City, Mo., which was not transmitted. This was denied, forming the principal issue tried. The jury found that the message had been delivered as alleged by the plaintiff and stated above.

The jury, having found the issues for the plaintiff

and returned special findings, awarded 58 cents—the amount of the toll—as actual damages, and $599.42 as exemplary damages. Judgment was rendered accordingly, from which the company prosecutes this proceeding in error.

*J. H. Richards,* and *Ralph Richards,* for plaintiff in error.

*W. D. Atkinson,* for defendant in error.

The opinion of the court was delivered by

BENSON, J.: The defendant alleges error in three particulars: (1) In overruling a demurrer for misjoinder of causes of action, (2) in giving instructions to the jury, and (3) in denying its motion to disallow the exemplary damages. The last proposition was again presented in the motion for a new trial.

There was no misjoinder, for only one cause of action was stated (Bliss, Code Pl., 3d ed., § 14), and in such an action both actual and exemplary damages may be recovered if the evidence justifies such recovery. (*West v. Telegraph Co.,* 39 Kan. 93, 17 Pac. 807, 7 Am. St. Rep. 530.)

The criticism of the instructions is based upon the alleged insufficiency of single propositions considered apart from the remainder of the charge. When every part is considered in its proper relation to the whole charge, however, the instructions appear fairly and clearly to state the law of the case. (*The State v. McCoy,* 70 Kan. 672, 79 Pac. 156.)

That exemplary damages may be allowed in such a case, when there is actual damage and the negligence is so gross as to amount to wantonness, was declared to be settled in this state in *Telegraph Co. v. Lawson,* 66 Kan. 660, 72 Pac. 283. The rule was again applied and followed in *Telegraph Co. v. Gilstrap,* 77 Kan. 191, 94 Pac. 122. The jury in a special finding stated that they allowed $599.42 for exemplary, or punitive, damages

for receiving and not transmitting the message. The following question was asked and answer given:

"Ques. If you find defendant negligent, do you find from the evidence that such negligence amounted to a reckless disregard of the rights of others? Ans. Yes."

It is insisted that in "reckless disregard of the rights of others" is not a sufficient warrant for punitive damages. The expression was probably taken from the opinion in the Lawson case, but its import in these findings must be considered in connection with the instructions relating to the allowance of exemplary damages, wherein the jury were told:

"If you find and believe from the admitted facts and the fair weight of the evidence herein the plaintiff sustained actual damages in any sum, and you further find and believe that such damage was caused by the negligence of defendant, its servants, agents or employees, and that such negligence was so gross as to amount to wantonness, or that the misconduct of defendant's agent or employee was so gross as to import an intention on his part to inflict a wrong upon the sender, or if there was such reckless disregard of the plain duty of defendant's agent or employee as to be equivalent to a wilful wrong, then you should allow plaintiff what is known to the law as exemplary damages."

Whatever criticism might be indulged in concerning the phrase "reckless disregard of the rights of others," standing alone, the additional words, "equivalent to a wilful wrong," make the meaning perfectly clear; and this must be the sense in which the jury understood them.

It is urged, however, that the evidence does not show such conduct as to justify the allowance of any exemplary damages. The jury found that the message had been delivered and its transmission paid for. The contents disclosed its importance. Should the jury infer a mere inadvertence or mistake in mislaying or destroying it, or could they presume from the importance of the business in which the defendant was engaged and

the careful system by which such business was ordinarily transacted, as shown by the evidence, that such a mistake was so unlikely as to warrant the inference that the default was caused by negligence so great as to amount to wantonness or recklessness equivalent to a wilful wrong? The mere statement of the question suggests that the field of inquiry is for the jury. The failure to send the message was not accounted for except by the denial of the defendant's agents that they had received it; but, the fact that they did receive it being established, the reason for failing to transmit became a matter of inference for the jury from the facts proved.

Finally, it is contended that the damages allowed are excessive. This claim has been carefully considered and appears to be well founded. The only actual loss suffered was the amount paid for the toll. There was but little delay at the station in Denison, and no postponement of the funeral or interference with the attendance of relatives. No distressing consequences or other injuries were shown. The agent at Denison, having promptly delivered the other messages, was watching for the missing telegram. The reason for not sending it is entirely a matter of inference from the fact that it was delivered with charges prepaid for that purpose. Although the jury in their discretion were warranted in finding grounds for exemplary damages, the amount should have been fairly graduated to the degree of culpability justly to be inferred and to the resulting consequences. The award of exemplary damages should be measured according to the circumstances of aggravation or mitigation, and made reasonable in view of the conduct of the wrong-doer in the particular case. The amount should not be so small as to be trifling, nor so large as to be unjust, but such as candid and dispassionate minds can approve as a punitive example to warn against similar lapses from duty.

The decision in *Telegraph Co. v. Gilstrap*, 77 Kan.

191, 94 Pac. 122, is cited as a precedent for sustaining the recovery here. In that case it was shown that the failure of the messenger to deliver the dispatch was aggravated by his reprehensible language afterward, evincing a malign indifference to duty, and yet in the opinion it was said that the damages—$752—were "somewhat excessive." (Page 194.)

Concluding as we do that the damages here are excessive, but that passion or prejudice of the jury such as necessarily to require a new trial does not appear, the plaintiff will be allowed to remit the sum of $300 from the amount awarded, or a new trial must be ordered. (*Mo. Pac. Rly. Co. v. Dwyer*, 36 Kan. 58, 12 Pac. 352.) The cause is remanded for further proceedings in accordance with these views.