# SIMMONS *v.* SULLIVAN.*

MALICIOUS PROSECUTION; TERMINATION OF PROSECUTION; SUBSTITUTE
INFORMATION.

1. Before an action for malicious prosecution based upon a criminal proceeding can be sustained, it must appear that such proceeding has been terminated.

2. No final termination of a criminal proceeding instituted by information, which will sustain an action of malicious prosecution, is effected by quashing the information on accused's motion, with notice to him that a new information will be filed, where a new information filed on the same day and charging the same act is still pending, although no warrant was issued on the second information.

3. The fact that a substitute information charges certain acts to have been done in violation of building regulations, whereas the original, which was quashed, charged that they were in violation of police regulations, does not, where it is otherwise a continuation of the original proceedings, entitle the accused to maintain an action for malicious prosecution upon the theory that the proceeding under the original was terminated.

No. 2696.  Submitted November 6, 1914.  Decided December 7, 1914.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia on direction of a verdict for the defendant in an action to recover damages for malicious prosecution.                              *Affirmed.*

---

* *Malicious prosecution.*—As to when an action is sufficiently at an end to support a suit for malicious prosecution, see notes to *Graves* v. *Scott,* 2 L.R.A.(N.S.) 928, and *Wilkerson* v. *Wilkerson,* 39 L.R.A.(N.S.) 1215; as to pendency of appeal or error as affecting running of statute of limitations against an action for malicious prosecution, see *Levering* v. *National Bank,* 43 L.R.A.(N.S.) 611.

The COURT in the opinion stated the facts as follows:

Appellant, Leo Simmons, plaintiff below, brought this action in the supreme court of the District of Columbia to recover damages from appellee, J. F. Sullivan, defendant, for a malicious prosecution.

It appears that on April 4, 1911, defendant, a policeman, swore to a complaint, filed by the corporation counsel in the police court of the District, charging plaintiff with obstructing the gutter on Wyoming avenue with building material, "contrary to and in violation of police regulations." A warrant was issued, and defendant arrested plaintiff. On April 20th, plaintiff appeared and moved the court to quash the information, which motion was granted, and plaintiff was discharged.

Before leaving the court, plaintiff was notified that a new information would be filed, and, accordingly, on the same day, a new information was filed by the corporation counsel, and sworn to by defendant, charging that plaintiff, while engaged in the construction and erection of a certain building on Wyoming avenue, "did obstruct the gutter on said avenue with building material without a permit from the inspector of buildings of the District of Columbia so to do, contrary to and in violation of the building regulations." No warrant was issued on this information, and plaintiff was never brought to trial. It is conceded that plaintiff knew of the existence of the information; that he took no steps to have it dismissed, or otherwise disposed of; and that it was still pending in the police court when this action was brought and tried in the court below.

On the trial below, when plaintiff had submitted his evidence, counsel for defendant moved the court to direct a verdict for defendant, on the ground that the criminal proceeding, which furnished the basis of this action, had not been finally terminated. Plaintiff then requested the court to withdraw a juror and allow him to amend his declaration, which request the court denied. The court granted defendant's motion, and instructed the jury accordingly. From the judgment on the verdict, plaintiff appealed to this court.

*Mr. A. Leftwich Sinclair, Mr. Fred B. Rhodes,* and *Mr. Paul B. Cromelin,* for the appellant:

The prosecution upon which this suit is based was terminated. *Leever* v. *Hamill,* 57 Ind. 423; *Brown* v. *Randall,* 36 Conn. 56; *Kelly* v. *Sage,* 12 Kan. 93; *Graves* v. *Scott,* 104 Va. 372; *Swensgaard* v. *Davis,* 33 Minn. 368; *Strehlow* v. *Petit,* 96 Wis. 22; *Lytton* v. *Baird,* 95 Ind. 349; *Clegg* v. *Waterbury,* 88 Ind. 21; *Schultz* v. *Cemetary,* 190 N. Y. 276; *Emery* v. *Ginnan,* 24 Ill. App. 65; *Lueck* v. *Heisler,* 87 Wis. 644; *Clark* v. *Cleveland,* 6 Hill, 344; *Peake* v. *Bank,* 120 Minn. 455; *Costello* v. *Knight,* 4 Mackey, D. C. 65.; *Moyle* v. *Drake,* 141 Mass. 238; *Bell* v. *Matthews,* 37 Kan. 686; *Dreyfus* v. *Aul,* 29 Neb. 191; *Rogers* v. *Mullins,* 26 Tex. Civ. App. 250; *Rider* v. *Kite,* 61 N. J. L. 8; *Mentel* v. *Hipperly,* 165 Pa. 558; *Robbins* v. *Robbins,* 133 N. Y. 597; *Fay* v. *O'Neill,* 36 N. Y. 11; *Porter* v. *Martyn,* — Tex. —, 32 S. W. 731; *Boyer* v. *Bugher,* 19 Wyo. 463; *Driggs* v. *Burton,* 44 Vt. 124; *Douglas* v. *Allen,* 56 Ohio St. 156; *Apgar* v. *Woolston,* 43 N. J. L. 57; *Moulton* v. *Beecher,* 8 Hun, 100; *Woodman* v. *Prescott,* 66 N. H. 375; *Stanton* v. *Hart,* 27 Mich. 539; *Marcus* v. *Bernstein,* 117 N. C. 31.

*Mr. James O'Shea* and *Mr. R. L. Williams,* for the appellee.

1. "All proceedings on behalf of the District of Columbia are not finally determined even now, and were not finally determined when appellant instituted and tried out his alleged suit for malicious prosecution. Cooley, Torts, p. 340, ¶ 216; *Casebeer* v. *Drahoble,* 13 Neb. 465; *Blalock* v. *Randall,* 76 Ill. 224; *Gillespie* v. *Hudson,* 11 Kan. 131; *Ross* v. *Hixon,* 26 Am. St. Rep. 134; *Halberstadt* v. *New York Life,* 194 N. Y. 11; 19 Am. & Eng. Enc. Law, 681.

2. To entitle a plaintiff to recover for malicious prosecution, it is incumbent on him to prove affirmatively that he had been prosecuted at the instance of the defendant, and that such prosecution had terminated in his discharge or exoneration from

the accusation against him, and that such prosecution was both malicious and without probable cause on the part of the defendant. *Boyd* v. *Cross,* 35 Md. 196; *Cooper* v. *Utterbach,* 37 Md. 318; *Stansburg* v. *Fogle,* 37 Md. 381; *Medcalfe* v. *Ins. Co.* 45 Md. 205; *R. R. Co.* v. *Dorsey,* 59 Md. 544; *Hergenrather* v. *Spielman,* 22 Atl. 1106; *Hartshorn* v. *Smith,* 104 Ga. 236; Newell, Malicious Prosecution, 331; *Marbourg* v. *Smith,* 11 Kan. 554; *Schippell* v. *Norton,* 38 Kan. 567; *Gaiser* v. *Hurleman,* 74 Ohio St. 271.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The single question before us is whether the criminal prosecution which is the basis of this action was terminated when the present suit was commenced. No warrant was issued on the second information. Plaintiff had been brought into court on the warrant issued in the case originally, and, upon being released for further appearance and notified of the filing of the second information, no warrant was subsequently necessary to insure his appearance unless he violated the terms of his release. The new information was filed to correct defects in the original information, which was quashed on motion of plaintiff. It was therefore a continuation of the original complaint. Plaintiff was fully advised of the existence of the new information, and that it was still pending. Besides, it does not appear that any effort was made by plaintiff to have the court dispose of the second information.

In *Schippel* v. *Norton,* 38 Kan. 567, 16 Pac. 804, where a criminal prosecution had been commenced before a justice of the peace, and dismissed to bring it in the district court, and on the same day it was so commenced, it was held that an action for malicious prosecution, based on the suit in the justice court, which was brought while the action in the district court was still pending, could not be sustained.

The fact that in one information plaintiff was charged with violating the police regulations, and in the other with violating the building regulations, is not important. The same facts

furnished the basis for each complaint, and each was dependent upon the same proof. In the case of *Gaiser* v. *Hurleman,* 74 Ohio St. 271, 113 Am. St. Rep. 953, 78 N. E. 372, Gaiser filed an affidavit charging Hurleman and others with the crime of blackmail. The justice bound the defendants over to the court of common pleas, where at the next term the grand jury indicted them for assault with intent to commit robbery. Hurleman commenced an action against Gaiser for malicious prosecution on account of the action before the justice, while the indictment against him and the others was still pending. The court, holding that the indictment was a continuation of the criminal prosecution started before the justice of the peace, said: "The two indictments had a common root. Gaiser, on appearance before the grand jury, furnished the facts from which both indictments sprang. The dual form of the charge was at the instance, no doubt, of the counsel for the State. Again, had the indictment for assault with intent to rob been prosecuted to the conviction of Hurleman, he would have been convicted for the transaction of January 2, 1901, for the occurrences of that day would have been marshaled to secure such conviction."

It must be remembered that at all times the prosecution of plaintiff was under the supervision of the corporation counsel of the District, and, where a prosecutor with reasonable diligence follows up the dismissal of a defective indictment or information with a new one, his action negatives an intention on his part to discontinue the prosecution, and the new indictment or information will be considered as merely a continuance of the prosecution. *Hartshorn* v. *Smith,* 104 Ga. 235, 30 S. E. 666; Newell, Malicious Prosecution, 331; *Marbourg* v. *Smith,* 11 Kan. 554.

It is settled law that before an action for damages for malicious prosecution can be sustained, it must appear that the criminal prosecution which is the basis of the action in tort has terminated. It is incumbent upon the plaintiff in the civil action to allege and affirmatively prove a discharge and termination of the criminal proceeding, and, if it appears that the

criminal· prosecution has not been finally terminated, it will furnish sufficient ground for the abatement of the civil action. Newell, Malicious Prosecution, 358.

Many of the cases cited by counsel for plaintiff are not in point. In those cases, the original indictment or information had been withdrawn, quashed, or dismissed; and it was contended that the mere possibility of a new indictment or information being filed constituted a bar to an action for damages for malicious prosecution growing out of the original prosecution. We are in accord with those cases, and it may well be that unreasonable delay in filing a new indictment or information would justify the injured party in assuming that the prosecution had been abandoned, and estop a defendant from invoking it as a defense to an action for damages based on the original case. "If a criminal prosecution has been dismissed, with no intention of commencing it again, or if delay has been made in commencing the criminal prosecution again, so as to lead the plaintiff to believe that the criminal prosecution had been finally terminated, and if he had then, and at once, commenced his action for malicious prosecution, he might probably maintain the same. But in all reason he should not be allowed to maintain such an action when substantially the same criminal prosecution as the one upon which he founds his action is still in the courts undisposed of." Newell, Malicious Prosecution, 331.

Courts will move with great caution in a case of this sort, since public policy demands that every citizen be alert to prevent infractions of the law, and, where the·law has been broken, to use his best efforts to bring the guilty to account. "Suits by which the complainant in a criminal prosecution is made liable to an action for damages, at the suit of the person complained of, are not to be favored in law, as. they have a tendency to deter men who know of breaches of the law from prosecuting offenders, thereby endangering the order and peace of the community." Newell, Malicious Prosecution, 21. On the other hand, it should not be so restricted as to suffer malicious and causeless prosecutions to escape its grasp.· *Stone* v. *Crocker,*

24 Pick. 81. It would be difficult, however, to imagine a more serious miscarriage of justice than to permit a suit for malicious prosecution to proceed to a successful termination while the criminal prosecution upon which it was based was still pending, with the possibility of a conviction, or the much greater probability of the clear establishment of probable cause to justify the original complaint.

The judgment is affirmed, with costs.                *Affirmed.*