No. 19,223.

ANNIE RAMEY, *Appellee,* v. THE WESTERN UNION TELEGRAPH COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Failure to Deliver Telegram—No Actual Damages Shown—No Punitive Damages Recoverable.* Where a telegram from a brother to his sister announcing the death of their father and inquiring "Wire me if you can come?" is prepaid by the brother, and there is negligence in the delivery of the message, *held,* that where there is no evidence that the sister reimbursed her brother for the cost of the message, she can not recover that cost as actual damages, and where no other actual measurable damages are shown, punitive damages can not be awarded for failure to deliver the telegram promptly.

2. SAME—*Damages for Mental Anguish Not Recoverable.* The rule that anxiety, mental pain and anguish, unaccompanied by other actual damages, are not a basis for the recovery of punitive damages, followed.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed February 6, 1915. Reversed.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey,* all of Wichita, and *George H. Fearons,* of New York city, for the appellant.

*D. M. Dale, S. B. Amidon,* and *Jean Madalene,* all of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This action arises from the negligent failure of the Western Union Telegraph Company to deliver to the addressee at Wichita the following telegram:

"401 ks rc 10.
Forbes Junction Colo. Mar. 8, 1912.
Mrs. Annie Ramey,
    c/o Post Office, General Delivery,
        Wichita, Kas.
Father killed this morning. Wire me if you can come.
                                JOHNNIE KEITH.
431 pm."

Keith was the brother of Mrs. Ramey, and he paid for the message. Promptly upon its receipt in Wichita, the telegraph company placed the message in its business envelope and dispatched it to the post office, but unfortunately the envelope was addressed, "Mrs. Annie Ramsey," and although Mrs. Ramey called at the post office nearly every day inquiring for her mail, it did not occur to the clerk in the post office that the letter addressed to Mrs. Ramsey should be delivered to Mrs. Ramey, but on March 16, eight days later, he permitted her to open it in his presence. Her father's funeral had been delayed for six days in hope of her attendance, and she alleges that she would have attended the funeral, and that she was deprived "of the consolation of seeing her said father before his burial, because of which plaintiff suffered great and irreparable anxiety, distress and mental pain and anguish, which was great and overpowering and was due and caused by the failure and malicious negligence of the defendant, its

agents and employees to comply with and in breach of its said contract."

The charge for sending this telegram, fifty cents, had been prepaid by the sender, and there is no evidence that Mrs. Ramey had reimbursed her brother for this telegraph charge.

The jury awarded the appellee fifty cents for actual damages and $299.30 for punitive damages.

Counsel for appellant demurred to the petition, demurred to the evidence, and excepted to instructions given and refused; and in their appeal they urge that the plaintiff below did not show actual damages and consequently no punitive damages could be awarded.

In *Schippel v. Norton,* 38 Kan. 567, 16 Pac. 804, Mr. Justice Valentine said:

"Where no actual damage is suffered, surely no exemplary damages can be allowed. Exemplary damages can never constitute the basis of a cause of action. They are never more than incidents to some action for real and substantial damages suffered by the plaintiff; and when given they are given only in addition to the real and actual damages suffered and recovered by him. And when given they are not given upon any theory that the plaintiff has any just right to recover them, but are given only upon the theory that the defendant deserves punishment for his wrongful acts, and that it is proper for the public to impose them upon the defendant as punishment for such wrongful acts in the private action brought by the plaintiff for the recovery of the real and actual damages suffered by him. No right of action for exemplary damages, however, is ever given to any private indvidual who has suffered no real or actual damages. He has no right to maintain an action merely to inflict punishment upon some supposed wrongdoer. If he has no cause of action independent of a supposed right to recover exemplary damages, he has no cause of action at all. As lending support to the foregoing views, we would refer to the following cases, to wit: *Gilmore v. Mathews,* 67 Maine, 517; *Stacy v. Publishing Co.,* 68 Maine, 279; *Freese v. Tripp,* 70 Ill. 496; *Meidel v. Anthis,* 71 Ill. 241; *Ganssly v. Perkins,* 30 Mich. 492; *Maxwell v. Kennedy,* 50 Wis. 645, 648, 649." (p. 572.)

This doctrine has been consistently followed in: *Adams v. City of Salina*, 58 Kan. 246, 48 Pac. 918; *Bank v. Grain Co.*, 60 Kan. 30, 55 Pac. 277; *Cole v. Gray*, 70 Kan. 705, 79 Pac. 654; *Sondegard v. Martin*, 83 Kan. 275, 111 Pac. 442.

Let us now inquire as to the actual damages. The appellee did not reimburse her brother for the telegraph charge of fifty cents, and therefore such payment can not be made the basis for tacking on punitive damages. The failure to allege and prove some sort of actual damages is fatal to an allowance of punitive damages.

In the leading telegraph cases decided by this court where recovery for failure or delay in delivering the telegram was the main issue the payment of the cost of the message to the telegraph company or by reimbursement to the sender seems to have been considered an essential element in plaintiff's case. (*West v. Telegraph Co.*, 39 Kan. 93, 17 Pac. 807; *Telegraph Co. v. Woods*, 56 Kan. 737, 44 Pac. 989; *Telegraph Co. v. Bodkin*, 79 Kan. 792, 101 Pac. 652; *King v. Telegraph Co.*, 81 Kan. 223, 105 Pac. 449; *Hollingsworth v. Telegraph Co.*, 82 Kan. 472, 108 Pac. 807.)

Let us now inquire whether mental anguish, anxiety and distress of mind will furnish sufficient basis for an allowance of punitive damages. The prior adjudications of this court incline strongly to the contrary, when these elements have to be considered alone. It is too difficult a task for courts and juries to measure the extent of such damages, and all too easily might they be made the subject of counterfeit claims for injuries.

In *West v. Telegraph Co.*, 39 Kan. 93, 17 Pac. 807, it was said:

"In *Schippel v. Norton*, 38 Kan. 567, we recently held, where no actual damage is suffered no exemplary damages can be recovered; but as actual damages are shown in this case, that decision is not applicable.

"It seems, however, to be claimed upon the part of the plaintiff that he is entitled to recover for his men-

tal anguish or suffering occasioned by the delay in the announcement of the death of his brother. Where mental suffering is an element of physical pain, or is a necessary consequence of physical pain, or is the natural and proximate result of the physical injury, then damages for mental suffering may be recovered, where the injury has been caused by the negligence of the defendant; but in an action of this kind, we do not think that damages for mental anguish or suffering can be allowed. 'Such damages can only enter into and become a part of the recovery where the mental suffering is the natural, legitimate and proximate consequence of the physical injury.' (*City of Salina v. Trosper,* 27 Kan. 544.) The general rule is: 'That no damages can be recovered for a shock and injury to the feelings and sensibilities, or for mental distress and anguish caused by a breach of the contract, except a marriage contract.' (*Russell v. Telegraph Co.,* 3 Dak. 315, 19 N. W. 408.) In *So Relle v. Telegraph Co.,* 55 Tex. 308, it was decided that an action for mental suffering alone can be maintained. The opinion in that case, however, was prepared by a member of the commission of appeals of Texas. And subsequently, in the case of *Railway Co. v. Levy,* 59 Tex. 563, the supreme court of Texas overruled that decision. (See, also, Wood's Mayne Dam., 1st Am. ed., 74.)" (p. 99.)

We do not overlook the fact that about four months after judgment appellee obtained leave to amend her petition by alleging that she had paid her brother the fifty cents for the expense of the message. Without deciding whether such amendment was too late, it was properly objected to by appellant because it did not correspond with the proof.

The case is reversed and remanded with instructions that the demurrer to plaintiff's evidence be sustained.