Williams v. Townsend.

---

## S. J. WILLIAMS, *et al.*, v. LAWRENCE TOWNSEND.

1. EVIDENCE; *Competency, to Prove Joint Trespass.* In an action brought by T. against S., W. and P., the petition alleged among other things, that "the said defendants did unlawfully and with force, assault the said plaintiff, and there shoot and wound with shot from and out of a shot-gun held in the hands of the said defendant S." The answer was a general denial. W. and P. had a separate trial, and on such trial the plaintiff introduced evidence, over the objections of the defendants, but with the permission of the court, to prove that S., with the coöperation of W. and P., was illegally, and in

violation of a certain statute, hunting on the inclosed lands of another, without the consent of the owner, and that while so hunting, S., in the absence of W. and P., and without their knowledge, shot with a shot-gun at a prairie chicken, and in doing so accidentally shot the plaintiff, and injured him. *Held*, that the evidence was admissible, and that the court below did not err in allowing it to be introduced.

2. VERDICTS, *Not Warranted by the Evidence; Powers of Supreme Court.* There was only slight evidence to prove that W. and P. coöperated with S. in his illegal hunting; and the supreme court think that the jury erred in finding such coöperation. But still, as there was some evidence to prove coöperation, and as the question of coöperation is one of fact, and comes clearly within the province of the jury to determine, and as the district court approved the verdict of the jury, and rendered judgment thereon, the supreme court cannot now, in contravention of the many decisions previously rendered by this court, reverse the judgment of the district court merely because the verdict is not obtained by sufficient evidence.

3. ———— *Powers and Duty of District Court.* It is unquestionably the duty of the district court to set aside a verdict and grant a new trial whenever the jury have manifestly mistaken the evidence. And the district courts cannot shirk their responsibility by saying that the jury are the exclusive judges of all questions of fact. For, while this is true as long as the jury have the case under their consideration, yet, when the jury have rendered their verdict, then the judge himself becomes the exclusive judge of all questions of fact; and, while he cannot reform the verdict, nor modify it in any particular, nor set it aside, if it is sustained by sufficient evidence, yet, if the verdict is manifestly erroneous, he should always set it aside, and grant a new trial. And he should be controlled by his own judgment in the case, and not by that of the jury.

## *Error from Allen District Court.*

TOWNSEND brought his action to recover damages sustained by him by reason of an alleged trespass to his person. The injury was actually committed by one of three, all of whom were sued jointly. A separate trial was had as to two — *Williams* and *Parsons*, plaintiffs in error. The transcript contains the following as the "special verdict" returned by the jury:

"1. Defendants Williams, Parsons and Spahr went hunting as one party, and hunted as one party upon the hunting-grounds.

"2. Defendants Parsons and Williams were in Hecox's field, southeast from the wagon, at the time plaintiff was injured; and Spahr was in the field of Townsend, (plaintiff's father,) southwest from the wagon.

"3. All the defendants, Parsons, Williams, and Spahr, were upon the premises of Townsend before the shooting, and at the time thereof Parsons and Williams were upon the premises of Hecox, while Spahr was upon the premises of Townsend.

"4. Spahr was seventy yards from plaintiff; Williams and Parsons were between twenty-five and thirty yards from plaintiff.

"5. Plaintiff was standing with one foot on the front wheel, and one on the slide of the wagon, and on the west side of said wagon.

"6. There was no express authority given to the defendants by said plaintiff's father to hunt upon his premises.

"7. The boys, Thomas and Lawrence Townsend, gave express orders to all three defendants not to hunt upon their father's premises or lands.

"11. The defendants had no authority either express or implied to hunt upon the premises upon which they did hunt prior to and at the time the plaintiff was injured.

"12. Defendants were not guilty of aggravated misconduct, but were guilty of being engaged in a lawless act at the time plaintiff sustained the injury.

"13. The plaintiff lost the sight of the left eye, and is entitled to $1,500 damages.

"14. Neither Williams nor Parsons assisted the principal party in the act of shooting the plaintiff, nor protected him after the act of shooting.

"15. The immediate act of the shooting whereby plaintiff was injured was by the joint conduct or coöperation of all the defendants.

"16. The jury do not believe that the plaintiff is entitled to exemplary damages.

"17. Parsons and Williams were forty rods from Spahr, when the shooting took place that injured the plaintiff."

The district court, at the November Term 1873, overruled a motion for a new trial, and gave judgment in favor of *Townsend*, and *W.* and *P.* bring the case here on error.

*Thurston & Keplinger*, for plaintiffs in error:

1. The court erred in permitting plaintiff to introduce evidence to show defendants were hunting upon the premises of Townsend and Hecox without permission. The evidence offered did not tend to support the issues joined. The question before the court was not, as to whether or not plaintiffs in error were liable for the injury sustained by the plaintiff below. The ultimate fact constituting Townsend's cause of action is set forth in the allegation that the "defendants shot the plaintiff." Parsons and Williams denied this allegation, and the evidence should have been confined to the issue thus joined. The only evidence admissible under this issue would have been evidence tending to show that P. and W. directly did the immediate act charged, or that they did it indirectly by doing some other act or acts from which the act charged resulted as an ordinary or natural consequence. Proof that at the time plaintiff sustained the injury complained of defendants were engaged in the performance of an illegal act, might establish the liability of the defendants for the act charged; but it would be proof of a fact wholly foreign to the issues joined, and which would not tend to establish *the* fact alleged in plaintiff's petition. 1 Conn. 515; 1 Duval, (Ky.) 220; 9 Minn. 194; 14 Wis. 586. The evidence does not tend to show that defendants were engaged in an illegal act, since it does not show they were hunting upon "inclosed lands." Laws of 1872, p. 339.

2. The court erred in overruling the motion of defendants P. and W. for judgment in their favor upon the special verdict. The 12th finding, that "defendants were engaged in a *lawless act* in hunting *upon premises* without the owner's permission," is untrue, because hunting upon "premises" is not unlawful. The "premises" must be "the *inclosed* grounds or lands of another," to be unlawful. (Laws of 1872, p. 339.) This finding is based upon incompetent and irrelevant evidence, and is no part of the verdict, because it is not a finding of any fact involved in the issues joined, and because it is not

a finding of any fact at all. It is a mere conclusion of law. The 15th finding, that the immediate act of shooting whereby plaintiff was injured was by the *joint act* or *cooperation* of all .the defendants, is expressly contradicted by the 14th finding, that neither Williams nor Parsons assisted the principal party (Spahr) in the act of shooting. This 15th finding is shown to be impossible, from the relative situations of the parties at the time the shooting occurred, as shown by the 4th and 17th findings. The 1st finding, that defendants were all hunting "as one party," is not sufficient to render defendants .Parsons and Williams liable: (2 Hill. on Torts.) The mere act of hunting, is not illegal. There is nothing in the verdict to show the act of defendants to have been illegal, nor was evidence admissible under the pleadings to show such illegality. In the absence of proof to the contrary, it will be presumed the act of the defendants was legal. When two or more persons are coöperating together and acting in concert in the performance of *a legal act*, and one of such persons commits a trespass in furtherance of such purpose, the others are not liable: 3 Wis. 319.

*H. W. Talcott*, for defendant in error:

The only question in the case is, as to whether or not plaintiffs in error coöperated with Spahr in the trespass complained of. That there was such coöperation, attention is called to the evidence. All three defendants went together on a hunting excursion for pleasure and recreation, and not for profit. All went together in one wagon, with one driver. Parsons and Williams had one dog, owned by Parsons; Spahr had one dog, owned by himself. The defendants got out of the wagon together, and commenced hunting. The scent of the dogs governed the hunting, and the relative course pursued by the defendants—Spahr following his, and the other two following Parsons' dog. All continued hunting in that manner until they all reached the field of plaintiff's father. After all had reached that field, Spahr climbed over the fence, and his dog having scented a covey of chickens, "Parsons

and Williams followed up rapidly, their dog joining Spahr's, and they entered said field close to where Spahr crossed, and at nearly the same time, when all three moved forward toward the spot indicated by the dogs." The hunters separated— the dog of Parsons leading him and Williams to the Hecox field, and the dog of Spahr still leading him in the Townsend field. Parsons and Williams, while thus hunting, occasionally heard shooting in the direction where Spahr was hunting, and turned their heads in the direction of the sound, and on one occasion one or both of them fired at a chicken which came from that direction. After the shooting by Spahr, only a moment elapsed until P. and W. shot at the same chicken, and after hearing the first shot, and at about the moment of hearing the second shot, the plaintiff below received the injury. No other persons were hunting or shooting in that vicinity. All three defendants came to the wagon at time of injury, assisted in removing shot, and at request of P. and W., Spahr took Townsend to his father's residence. The defendants threw their game all into one wagon promiscuously, without reference to who killed it. All rode home together. The testimony also shows that all three defendants were hunting on the "inclosed lands of another," the owner of which had "neither given, nor been asked for, leave to hunt thereon." All the testimony tends to show coöperation on the part of all the defendants. They were all engaged in one common pursuit, associated together for same purpose, acting in concert, and each acting in the "pleasure and recreation" of all. They were, also, each engaged in an unlawful enterprise at the time of the injury — they were hunting "upon the inclosed grounds or lands of another, without first obtaining leave of the owner so to do." (Laws of 1872, page 339.) The question of joint liability is for the *jury*. Where an immediate act is done by the coöperation or joint act of two or more, all are trespassers, may be sued jointly, and each is liable for the injury done by all. 2 Hill. on Torts, 293, 294; 19 Johns. 381; 1 Cush. 453. The jury found that the defendants below were jointly liable.

Where the jury has found a special verdict, and the court below refuses to set it aside, and renders judgment thereon, it is not sufficient, because the verdict is not sustained by sufficient evidence, to authorize the supreme court to reverse the judgment, when, upon some essential fact in the case, the weight of evidence may seem to be against the verdict: 10 Kas. 119, 126; 11 Kas. 47, 58. The petition alleges that "the said *defendants* did unlawfully and with force assault the said plaintiff." Any evidence that would tend to show that all the defendants were liable, was competent. All were hunting upon the "inclosed grounds or lands of another without first obtaining leave of the owner so to do." All were acting unlawfully — were engaged in committing a crime — for which they were liable to criminal prosecution. (Laws of 1872, page 339.) If they were engaged together in doing an unlawful act at the time of the injury, their joint liability is established.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of an action of trespass, brought by Lawrence Townsend against Marion Spahr, S. J. Williams, and W. L. Parsons, for an alleged assault and battery. The petition alleged among other things, that "the said defendants did unlawfully and with force assault the said plaintiff, and there shoot and wound with shot from and out of a shot-gun held in the hands of the said defendant Marion Spahr." The answer was a general denial. Williams and Parsons had a separate trial, and on such trial the plaintiff introduced evidence, over the objections of the defendants, but with the permission of the court, to prove that Spahr, with the coöperation of Williams and Parsons, was illegally, and in violation of a certain statute, (Laws of 1872, page 339,) hunting on the inclosed lands of another, without the consent of the owner, and that while so hunting, Spahr, in the absence of Williams and Parsons, and without their knowledge, shot with a shot-gun at a prairie chicken, and in doing so accidentally shot the

37—15 KAS.

plaintiff and injured him. We think this evidence was admissible, and that the court below did not err in allowing it to be introduced. The jury made special findings; and the findings of the jury and the judgment of the court were in favor of the plaintiff, and against the defendants. The defendants (plaintiffs in error) now claim that the findings of the jury are not sustained by sufficient evidence, and that the findings themselves are not sufficient to sustain the judgment of the court below. That the evidence sufficiently shows that Spahr is liable, we suppose will be admitted. But it is claimed that the evidence does not sufficiently show that Williams and Parsons coöperated with Spahr in his illegal hunting. It is true, the evidence is slight, and we think the jury erred in their findings. But still the question of coöperation is one of fact, and comes clearly within the province of the jury to determine; and unless there was almost a total absence of evidence to prove coöperation, their verdict upon the question must, after its approval by the court below, be considered conclusive. This comes from an unbroken current of decisions previously rendered in this court upon the question whether this court will reverse the judgment of the district court because the verdict of the jury may seem to be against the evidence, or not sustained by sufficient evidence. We have sustained many judgments where the verdicts upon which they were founded were sustained by but very slight evidence, or were against the weight of the evidence. There was some evidence in this case to prove coöperation. It is unquestionably the duty of the district court to set aside a verdict and grant a new trial wherever the jury have manifestly mistaken the evidence. And the district courts cannot shirk their responsibility by saying that the jury are the exclusive judges of all questions of fact. For, while this is true as long as the jury have the case under their consideration, yet, when the jury have rendered their verdict, then the judge himself becomes the exclusive judge of all questions of fact; and, while he cannot reform the verdict, nor modify it in any particular,

nor set it aside if it is sustained by sufficient evidence and by a preponderance of the evidence, yet, if the verdict is manifestly erroneous he should always set it aside and grant a new trial. And he must be controlled by his own judgment in the case, and not by that of the jury. Now the supreme court, under the decisions of this court, has no such authority. When the supreme court sets aside a verdict, it must also set aside the judgment. It must say, that the judge of the district court, as well as the jury, committed an error; it must say, that the judge of the district court manifestly abused his discretion by not setting aside the verdict of the jury. And the supreme court can seldom say this. And hence, the supreme court can reverse a judgment because the verdict is not sustained by sufficient evidence only where there is substantially a total lack of evidence to prove some material fact necessary to be found, and necessarily found by the verdict. The findings of the jury in the case at bar seem to sustain the judgment of the court below. But they have not all been brought to this court, and hence we cannot tell to a certainty. The eighth and ninth and tenth findings, are not contained in the verdict.

The judgment of the court below must be affirmed.

KINGMAN, C. J., concurs.

BREWER, J.: I am unable to concur with my brethren in the conclusion they have reached in this case. It does not seem to me that the testimony shows that the plaintiffs in error had such a common purpose with Spahr, to do an illegal act, or such a coöperation with him, as to render them responsible for the unintentional and purely accidental injury resulting from the act of Spahr. I think the judgment ought to be reversed.