W. G. SHAFFER v. NOBLE F. AUSTIN.

No. 13,371.   (74 Pac. 1118.)

SYLLABUS BY THE COURT.

1. EJECTMENT — *Writ of Assistance.* In an action of ejectment the possession of the defendant through a tenant was confessed. A judgment was entered in his favor. *Held,* that the allowance of a writ of assistance to put defendant in possession was beyond the issues in the case, and void.

2. ASSAULT AND BATTERY — *Only Nominal Damages Recoverable.* A tenant sublet to another in violation of the conditions of the lease. A guest of the latter was dispossessed by the owner without legal process, and in so doing the landlord's agent took the visitor by the arm and led him off the premises, causing him no physical hurt. In an action for assault and battery and wrongful ejectment, brought by the guest of the subtenant against the landlord, *held,* that he could recover no more than nominal damages.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed January 9, 1904. Reversed.

STATEMENT.

ON June 27, 1899, W. G. Shaffer, plaintiff in error, by a lease in writing let to one J. T. Creamer eighty acres of farming land in Wyandotte county until March 1, 1901. There was a clause in the lease stipulating that "under no circumstances shall said land be sublet to Noble F. Austin or wife." There was a further provision that the tenant "will not make or suffer any waste thereof, nor lease, nor underlet, or permit any other person or persons to occupy the same without the consent of said party of the first part (the landlord) in writing having been first obtained." It was also stipulated that if the lessee should fail to perform any of his covenants and agreements it should be lawful for the lessor, without notice or demand of any

kind whatever, to treat the lease as at an end and void, and to reenter and take possession of the premises by an action of forcible detainer or otherwise.

In February, 1900, Noble F. Austin, defendant in error in this case, brought an action of ejectment in the district court of Wyandotte county against J. T. Creamer, the tenant of Shaffer, to recover possession of the land described in the lease. Shaffer made application to the court, asking to be made a party defendant, setting forth that he was the owner of the property and had leased it to Creamer until March 1, 1901, and that the latter refused to defend the action. The reason given by Shaffer in the application was " that he may protect his interests in said real estate and his possession through his tenant."

The answer of Shaffer in the ejectment action contained, first, a general denial of all the allegations of Austin's petition ; and second, an allegation that the defendant Shaffer was the owner in fee simple of the land and in possession of it through Creamer, his tenant. He prayed that his title might be quieted as against Austin. The action was tried in July and resulted in a judgment in favor of Shaffer, rendered on September 22, 1900, following. The journal entry recited :

"And now on this day this cause comes further on for the findings and judgment of the court, the evidence and argument of counsel having heretofore been fully heard and by the court taken under advisement ; and the court being now well and fully advised in the premises finds for the defendant and against the said plaintiff on the issues joined herein, and doth order and adjudge that said plaintiff take nothing by his said suit, and that said defendant go hence without day, and have and recover of and from said plaintiff the costs herein expended, taxed at $20.20 ; and thereof let execution issue."

On January 31, 1901, the defendant Shaffer moved the court for a *nunc pro tunc* order allowing him a writ of assistance in the ejectment action. The application was granted, and the original journal entry corrected.

In October, 1900, one D. R. Austin, a son of the defendant in error, moved onto the farm as a sub-tenant of Creamer without the knowledge or consent of the landlord. In November or December Creamer, the tenant, abandoned the premises and moved away. Plaintiff below, Noble F. Austin, went on the premises as a guest of his son in October.

In January, 1901, a writ of assistance was issued at the instance of Shaffer, the defendant in the eject-ment action, commanding the sheriff to "cause the said Noble F. Austin and all persons claiming under him to be dispossessed and the said W. G. Shaffer to be put into the possession of said real property." This writ was not served for lack of time. An *alias* writ was issued on February 11, 1901, and executed on February 20 by dispossessing Austin from the land.

This was an action by Austin for wrongful eject-ment. The petition alleges that defendant below, through one Gleed, a deputy sheriff, wilfully and maliciously seized plaintiff and by violence put him and his personal belongings off from the premises and into a public road. A jury trial was had which re-sulted in a verdict against Shaffer for $1000. He complains here.

*McGrew, Watson & Watson,* and *J. W. Jenkins,* for plaintiff in error.

*Getty, Hutchings & Dean,* and *Waters & Waters,* for de-fendant in error.

The opinion of the court was delivered by

· SMITH, J. : The *nunc pro tunc* order of the district court by which the original judgment in the ejectment action was supplemented by adding thereto an order for a writ of assistance in favor of Shaffer was without force and not warranted by the pleadings. The very nature of the action in which the order was made recognized the possession of Shaffer. Its sole object was to dispossess him. The latter, also, asserted his occupancy of the land through Creamer, his tenant, and for this reason he was substituted by the court for the tenant as defendant in the ejectment suit. With this recognition of his initial status by both parties to the action, any order for a writ of assistance in Shaffer's behalf, after judgment in his favor, was beyond the issues in the case and void (*Gille v. Emmons*, 58 Kan. 118, 48 Pac. 569, 62 Am. St. Rep. 609.)

· On the trial of the present case the jury found that the writ of assistance under which plaintiff below was evicted was sued out at the instance of Shaffer. If there was no question of the terminated tenancy of Creamer in the case, it might be said that there was abuse of legal process. Plaintiff below made no claim of right to occupancy except as a guest of his son, who was a subtenant of Creamer. This subtenancy was never recognized by Shaffer, the landlord. The lease in express terms provided that Creamer should not "lease nor underlet or permit any other person or persons to occupy the same (meaning the premises rented) without the consent of said party of the second part (the landlord), in writing, having been first obtained." No such consent was shown. Creamer, the tenant at the time defendant in error was evicted,

had abandoned the premises and had been away from the land for more than three months. Whatever claim of occupancy Noble F. Austin had he derived from his son, D. R. Austin. Defendant in error disclaimed any rights except those of a visitor.

We view the action of defendant below in the same light as if he or his attorneys had prepared the order for the eviction of Austin and caused the sheriff to serve it. Shaffer was entitled to the exclusive possession of the land as against Creamer, the tenant, D. R. Austin, the subtenant, and defendant in error, the guest of the subtenant. The right of the plaintiff below to occupy the land, or any part of it, could not rise higher than that of his son. The latter was a mere interloper, an intruder holding adversely to the landlord, in violation of the express terms of the lease. As against D. R. Austin, and all persons holding under him, the owner had the privilege of reentry. This right he exercised through an agent: While there was a technical assault and battery by the under-sheriff on defendant in error, when he took hold of the latter's arm, yet no actual force was used. *Molliter manus imposuit.* The plaintiff testified : "Q. He took you by the arm and led you off? A. Yes, sir. Q. That was all he did to you personally ? A. Yes, sir ; he didn't hurt me any." The goods removed from the premises were not the property of plaintiff below. For the assault and battery nominal damages only might have been awarded. This, however, would constitute no basis for the imposition of exemplary damages. ( *Bank v. Grain Co.*, 60 Kan. 30, 55 Pac. 277. See, also, *Mitchell v. Woods*, 17 Kan. 26.)

Touching the question of the right of the landlord to take possession without legal process, see *Bergland*

*v. Frawley and another*, 72 Wis. 559, 40 N. W. 372;
*Goshen v. The People*, 22 Colo. 270, 44 Pac. 503;
2 McAdam on Landlord and Tenant, 3d ed., § 275.

Under the authority of *State v. Bradbury*, 67 Kan.
808, 74 Pac. 231, the assault and battery on defend-
ant in error was not justifiable, yet, as before said,
no substantial injury resulted from it.

The judgment of the court below is reversed and a
new trial granted.

All the Justices concurring.