No. 23,659.

Jessie Shore, *Appellee*, v. E. Shore, *Appellant*.

SYLLABUS BY THE COURT.

1. Assault and Battery—*Erroneous Findings and Verdict—Duty of Trial Court.* When reviewing a verdict or special finding, the district court acts according to its own independent judgment, and should set aside either or both when satisfied the jury has not properly discharged its function.

2. Same—*No Punitive Damages Without Actual Damages.* Punitive damages are never more than an incident to a cause of action for actual damages, nominal damages will not sustain a verdict for punitive damages, and punitive damages, when allowed, are allowed only in addition to recovered substantial actual damages.

3. Same—*Malice.* The fact that the defendant in an action for damages for assault and battery was actuated by malice in striking the plaintiff, will not sustain a verdict for punitive damages, when no actual damages were awarded.

4. Same—*Motion of Defendant for Judgment Notwithstanding Verdict Should Have Been Allowed.* In an action for damages for assault and battery, the jury found the plaintiff sustained no actual damages, found the plaintiff should be awarded the sum of $1,000 as punitive damages, and returned a verdict in favor of the plaintiff for $1,000. The court set aside the finding relating to actual damages, and rendered judgment on the verdict. The plaintiff did not ask for a new trial. *Held,* the defendant's motion for judgment in his favor, notwithstanding the verdict, should have been allowed.

Appeal from Pratt district court; George L. Hay, judge. Opinion filed April 8, 1922. Reversed.

*R. F. Crick, L. G. Turner,* both of Pratt, *Seward I. Field,* and *A. L. Orr,* both of Medicine Lodge, for the appellant.

*William Barrett, George Barrett,* and *W. B. Hess,* all of Pratt, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one for damages for assault and battery. The plaintiff recovered, and the defendant appeals.

The plaintiff is the wife of the defendant's son. She testified she was handled very roughly, and was badly injured. The defendant testified he slapped the plaintiff a little on the side of her face. The plaintiff's husband corroborated his father. The jury returned a general verdict for $1,000, and returned the following findings of fact:

"4. Do you find that the plaintiff pushed defendant away from the table, or was in the act of pushing defendant away from the table, at the time defendant slapped her? A. Yes.

"5. Did the defendant do anything more to the plaintiff than merely to slap her, and if so, please state in detail what it was. A. No.

"6. Do you find that the defendant, at the time he slapped plaintiff, did so maliciously? A. Yes.

"7. If your verdict is for the plaintiff, state what amount you find to be her actual damage sustained. A. None.

"8. If your verdict is for the plaintiff, state what sum, if any, you award her as punitive or vindictive damages. A. $1,000."

The defendant moved for judgment on the special findings. The plaintiff moved to set aside finding No. 7. The defendant's motion was denied, the plaintiff's motion was allowed, and judgment was rendered on the general verdict.

The defendant insists the court invaded the province of the jury in setting aside the 7th finding. The jury passes on the credibility of witnesses and the weight of testimony while it has possession of the case. When the jury has stated the result of its deliberations, in verdict or in finding, and the court is called on to review the jury's work, the court must do so according to its own judgment, and should set aside verdict or finding or both, when satisfied the jury has not properly discharged its function. (*Williams v. Townsend,* 15 Kan. 563.)

Punitive damages may not be recovered unless substantial actual damages have been sustained, and the question whether the plaintiff sustained substantial actual damages was not determined in her favor when the 7th finding was set aside. The plaintiff says it is not necessary, to support a verdict for punitive damages, that actual damages be found or recovered; it is enough that actual damages be proved, and in this instance actual damages were proved. The jury found the defendant did no more than slap the plaintiff, and that finding is not questioned. The jury evidently believed the injuries to which the plaintiff testified, and of which her husband knew nothing, were fabrications. Likewise, the jury evidently believed the money the plaintiff paid a doctor, whom she consulted after she consulted a lawyer, and whom she did not call as a witness, was misspent. The court was not satisfied with the jury's finding of no actual damage, and set the finding aside; but the court could make no finding of its own, and this court is not authorized to declare that appreciable actual damages have been established.

Shore v. Shore.

Besides that, this court is committed to the rule that punitive damages are never more than an incident to a cause of action for actual damages, and, when allowed, are allowed only in addition to recovered actual damages.   (*Schippel v. Norton,* 38 Kan. 567, 572, 16 Pac. 804.)

The defendant admitted he slapped the plaintiff, but denied he caused her physical hurt.   The admission and the 5th finding entitled the plaintiff to nominal damages; but nominal damages will not sustain a verdict for punitive damages.   (*Shaffer v. Austin,* 68 Kan. 234, 238, 74 Pac. 1118.)

The jury found the defendant was actuated by malice.   Malice bears no relation to the subject of actual damages.   It does not, *per se,* constitute a cause of action, cannot take the place of injury in a cause of action, and cannot enhance actual damages.

"Harm done without excuse cannot be made more wrongful than it is by the addition of bad faith or personal ill-will, nor made lawful by its absence." (Pollock, The Law of Torts, 11th ed., p. 23.)

If actual damages, not merely nominal, have been sustained, malice may warrant allowance of a sum in addition to compensation, by way of punishment of the wrongdoer.   Otherwise, the presence or absence of malice is unimportant.

Neither party asked for a new trial.   The defendant stood on his motion for judgment on the findings, and the plaintiff stood on her motion to set aside the 7th finding.   Setting aside the 7th finding did not improve the general verdict.   The 8th finding stated that the whole sum awarded as damages was awarded as punitive damages, and that finding precluded judgment in favor of the plaintiff. Nothing but a successful new trial could put into a verdict for the plaintiff the element of substantial actual damages.   She did not desire a new trial, and the litigation is at an end.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for the defendant.