No. 28,409.

JOSEF KNITIG, *Appellant*, v. AMBROSE SLAVEN, *Appellee*.

(278 Pac. 727.)

Opinion filed July 6, 1929.

A. W. Relihan, T. D. Relihan, both of Smith Center, V. D. Woodward and A. C. T. Gieger, both of Oberlin, for the appellant.

W. H. Clark and F. A. Sloan, both of Hoxie, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Josef Knitig brought this action to recover damages alleged to have been sustained by an assault and battery made upon him by Ambrose Slaven. The incident occurred during a wrangle between them relating to questions growing out of the world war. On a former occasion they had an argument upon the subject, and when they subsequently met at the American Legion hall Knitig came in and took a seat alongside of Slaven. He renewed the discussion, and according to the testimony in the case he said to Slaven that he was not patriotic, and that his son was a slacker. Slaven then jumped to his feet and with an exclamation that, "Boys, I can't stand that; I am an American citizen," at once a clash occurred. There was an exchange of vile epithets and some dispute as to who was the aggressor, but there is testimony tending to show and the jury found that Slaven made a pass at Knitig with his fist, which came in contact with Knitig's head. The jury in answer to special questions found that Slaven struck Knitig on the head, that he did not strike him more than once, that Knitig was in a sitting position when he was struck, that he then slid down in his seat and raised his foot towards Slaven, but made no more resistance than was necessary, and in answer to the question, "Did Knitig suffer any physical hurt or humiliation or mental distress resulting

from being so struck by defendant?" the answer was "Yes." To the question whether or not plaintiff's head was bruised or wounded by being struck by defendant, the jury answered "No." And in answer to a question as to what damages were sustained by plaintiff from the encounter, the jury found "No damage to his person, no loss of time, no permanent injury, but that he suffered injury to his feelings and was entitled to damages in the sum of 25 cents." Judgment was awarded for that amount and Knitig appeals, insisting that the result shows that the jury was influenced by passion and prejudice and its verdict should be set aside.

The jury upon what appears to have been competent evidence found that Knitig suffered no personal injury from the assault and battery. According to the findings the only injury sustained was humiliation or injury to his feelings, a mental suffering which did not result from any physical injury. The general rule is that where an unlawful assault and battery does not result in any appreciable injury the plaintiff may recover nominal damages only. (5 C. J. 701, 702.) There are exceptions to this rule, as in cases of seduction, slander, malicious prosecution or arrest, and for willful and wanton wrongs done to cause mental distress. (*Lonergan v. Small,* 81 Kan. 48, 105 Pac. 27.) Plaintiff calls attention to *Sundgren v. Stevens,* 86 Kan. 154, 119 Pac. 322, where a recovery was sought for an assault and battery. The damages assessed were fixed at $1.50 for physical pain and 50 cents for insult and indignity, and that judgment was reversed for inadequacy of the damages. In that case, however, the result of the attack was severe. There was a fracture of the nose, with profuse bleeding, a blackened eye, bruised forehead and a split lip. Here, as we have seen, the jury has found that no bodily injury was suffered. If substantial injury had been inflicted by the defendant, as in the Sundgren case, the rule there declared would have been applicable, but the jury in this case concluded from the testimony that no appreciable injury was sustained by the plaintiff, but because there was an assault nominal damages should be allowed. It appears, too, that the court carefully advised the jury that—

"Every person has the right to complete and perfect immunity from hostile assault and from threatened danger to his or her person, the right to live in society without being unnecessarily or .wrongfully put in fear of personal harm."

Other instructions of which there is no complaint were given as to

the right to recover damages suffered from an assault and battery. Evidently the jury found that in fact no physical injury was suffered and that in the wrangle which occurred the defendant, although he acted under great provocation, should pay nominal damages for the assault, which would carry the costs of the action.

In view of the fact that no appreciable injury was suffered by plaintiff and that he only suffered injury to his feelings, an award of nominal damages cannot be regarded as ground for reversal. In *Shaffer v. Austin*, 68 Kan. 234, 74 Pac. 1118, a tenant of a landowner sublet the land to another in violation of a provision of the contract, and a guest of the tenant was removed from the land by the landowner without legal process. This was accomplished by taking the guest by the arm and leading him off the premises, causing him no physical injury. In an action for assault and battery brought by the guest of the subtenant against the landowner it was held that the guest could recover no more than nominal damages.

Complaint is made of a supplemental instruction given to the jury after it had retired for deliberation in the case. The rule of law stated in the instruction is not questioned, but it is said that as a former instruction upon the subject had been given, that by the amplification of the instruction undue emphasis was placed upon one phase of the charge. There was nothing approaching prejudice in the instruction.

No error being found in the record, the judgment is affirmed.