No. 28,841.

THE STATE OF KANSAS, *Appellee*, v. CARL WILSON, *Appellant*.

(280 Pac. 769.)

Opinion filed October 5, 1929.

*H. N. Casebier*, of Oskaloosa, for the appellant.

*William A. Smith*, attorney-general, *Leon W. Lundblade*, assistant attorney-general, *James F. Swoyer*, county attorney, and *Lloyd Morris*, of Oskaloosa, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Carl Wilson was found guilty in the first degree of the murder of his wife. He has appealed and contends that the court erred in not granting to him a new trial, for the reason that in the judgment of the trial court the evidence was not sufficient to support the verdict. This contention must be sustained.

There had been a previous trial of this case, at which time the jury returned a verdict of guilty of murder in the second degree. On the hearing of a motion for a new trial at that time the trial court set aside the verdict for the reason that the evidence was insufficient to sustain it. There appears to have been some public criticism of the action of the court in setting that verdict aside. In another criminal case disposed of recently the court was severely ridiculed in the local press as to the penalty imposed. While this case was being tried it came to the ears of the court, through no one connected with the trial of the case, that it was stated "that I got 'a piece of money' for giving this man a new trial before, and they supposed I would do the same thing again." In ruling on the motion for a new trial in this case the court reviewed those matters and said:

"Now, as I say, with those things bearing down on me, I just wonder, sometimes, whether I am competent to pass on this motion for a new trial,

and for fear that I might be prejudiced or influenced by some such ridiculous things, I'm going to guard against it. I feel that I have done my duty toward Mr. Wilson in giving him a new trial in the other case, and the fact that the jury went out and so readily convicted him on this occasion of a murder offense, as I said before, gets me to thinking as to whether or not I might not have been influenced by the manner in which I have been treated in the handling of this case, and, of course, I do not want to be influenced; neither do I want to be put in the position that I'm afraid of public clamor or criticism of any kind, because I'm not. I try to do my duty fearlessly. Now, I am not going to make a lengthy comment on the evidence in the other case or this one, but what I stated, and I have no apology to make for what I did in that case at that time, and I am very much of the same opinion yet. I say I was not thoroughly satisfied that Mr. Wilson was guilty of murder and am not now; he may be. The jury thinks so, but the evidence is mighty slight, in my opinion. It seems that all the circumstances as I look at them resolve themselves in his favor. Now, counsel for the state mention the fact that he, Wilson, attempted to explain that a cow killed his wife, but the jury did not accept that explanation. Well, I am wondering if it might be that the jury did go off on a proposition of that kind, that they thought it was up to Wilson to explain how his wife met her death. But we know that there is no explanation due from him whatsoever—it is up to the state to prove that he is guilty. It is hard for me to believe from the testimony that he is guilty, but, as I say, having resolved the matter in his favor once and for fear that I am being guided in my conclusions by the manner in which I have been treated in this case by some rabble on the outside who was not even in the courthouse and knew what took place, I believe I will overrule the motion for a new trial."

In this case the prosecution relied upon circumstantial evidence, there being no direct evidence that the defendant was in any way responsible for the death of his wife. Hence, when the court stated, "It seems that all the circumstances, as I look at them, resolve themselves in his favor" instead of against him, it necessarily follows that the trial court's judgment was that the defendant was not guilty. It is clear from the statement as a whole that such was his judgment, and yet he overruled the motion for a new trial and sentenced the defendant to the penitentiary for life. This was clearly erroneous.

No more important duty is imposed upon a trial court than that of approving or disapproving the verdict of a jury. It has been sometimes stated that the trial judge sits as the thirteenth juror, and though not quite accurate, it is a forceful way of stating his duty in the premises. The court has a somewhat broader field of view of the matter than the jury has, for the court should consider all that the jury considered and in addition to that the fact that twelve jurors have expressed their views in the verdict. But, having

considered all of those matters, if in the judgment of the court the verdict is erroneous, it should be set aside.

In *Williams v. Townsend,* 15 Kan. 563, it was held:

"It is unquestionably the duty of the district court to set aside a verdict and grant a new trial whenever the jury have manifestly mistaken the evidence. And the district courts cannot shirk their responsibility by saying that the jury are the exclusive judges of all questions of fact; for, while this is true as long as the jury have the case under their consideration, yet, when the jury have rendered their verdict, then the judge himself becomes the exclusive judge of all questions of fact; and, while he cannot reform the verdict, nor modify it in any particular, nor set it aside if it is sustained by sufficient evidence, yet, if the verdict is manifestly erroneous, he should always set it aside, and grant a new trial; and he should be controlled by his own judgment in the case, and not by that of the jury."

And in *State v. Bridges,* 29 Kan. 138, a prosecution for murder, the rule was thus stated:

"Where a verdict finding a defendant guilty of murder in the second degree is challenged in a motion for a new trial, upon the ground that it is not sustained by sufficient evidence, and the district judge announces that he declines to look into the evidence or pass upon its sufficiency, and then overrules the motion *pro forma,* and the evidence in the case is greatly conflicting and about equally balanced, *held,* that the rendering of the judgment upon the verdict by the trial judge without his approval thereof is in such a case a material error, and one for which the judgment must be reversed and a new trial granted."

And in the opinion it was said:

"The district judge did not approve of the verdict of the jury as is usually done by trial courts in similar cases when such a motion is overruled, but expressly announced that he overruled the motion *pro forma,* and declined to look into the evidence, or pass upon its sufficiency. This was serious and grievous error. It was a refusal on the part of the trial court to perform its bounden duty, alike unjust to this court and the appellant. When a verdict is challenged upon the ground alleged in this case, the judge, who has the same opportunity to hear and see the witnesses as the jury, should declare his approval or disapproval of the verdict, and if he refuses to do this by overruling the motion *pro forma,* and thereby attempting to transfer the whole question to the supreme court, he trifles with the sacredness of his duty. A party is deprived by such action of a review and consideration of the evidence by the court hearing and seeing the witnesses. This court does not have the same opportunity as the trial judge for forming a just opinion of the credence to be placed in the various witnesses, as testimony on paper is not like testimony from living lips. Even in a civil case, when the judgment of a trial judge tells him that the verdict is wrong, that, whether from mistake, or prejudice, or other cause, the jury have erred and found against the fair pre-

ponderance of the evidence, then no duty is more imperative than that of setting aside the verdict and remanding the question to another jury. *Railroad Co. v. Kunkel,* 17 Kan. 145. In a criminal case this duty is still more important, and a trial judge ought never to sentence a prisoner upon a verdict which is properly challenged, unless he is willing to declare that the verdict of the jury should be accepted as just." (p. 142.)

Here the situation is even worse than it was in the Bridges case; for the trial court makes it clear that in his own judgment the evidence does not support the verdict.

The rules above stated have been followed repeatedly. See *K. C. W. & N. W. Rld. Co. v. Ryan,* 49 Kan. 1, 12, 30 Pac. 108; *Butler v. Milner,* 101 Kan. 264, 166 Pac. 478; *State v. Frey,* 111 Kan. 798, 208 Pac. 574; *Stroup v. Northeast Oklahoma Rld. Co.,* 122 Kan. 587, 592, 253 Pac. 243, and cases there cited.

Appellee argues that the overruling of the motion for a new trial is itself an approval of the verdict, but the language of the court in passing on the motion in this case discounts that view. No heed should have been given to temporary public displeasure expressed with respect to former rulings, and especially with reference to rulings in cases other than that on trial. Particularly should this be true in a criminal case where personal liberty is at stake. This ruling of the court requires that a new trial be granted.

Other points argued by appellant need not be specifically discussed, for it is not likely they will occur on a new trial.

The judgment of the court below is reversed with directions that a new trial be granted.