No. 29,802.

MARGARET SHROUT, *Appellee*, v. EARL BIRD, *Appellant*.

(296 Pac. 369.)

Opinion filed March 7, 1931.

*Carr W. Taylor* and *Harry H. Dunn,* both of Hutchinson, for the appellant.

*J. N. Tincher, Don Shafer,* both of Hutchinson, *T. A. Noftzger, George W. Cox* and *Lawrence Weigand,* all of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff was struck and run down by an auto delivery truck driven by defendant's employee, and brought this action for damages.

The defense was a general denial and contributory negligence.

The cause was tried before a jury. Plaintiff's evidence tended to show that the accident happened at an intersection of streets in Hutchinson. In that city Madison street runs north and south and First avenue runs east and west. Plaintiff resided on the north side of First avenue a short distance east of the intersection of First and Madison. On the evening of March 5, 1929, she and a companion had been out walking for a few blocks south and west of her residence. As they returned they crossed Madison (eastward) on the south side of First avenue and then started across First avenue northward towards her home. As they were about to step into First avenue plaintiff looked eastward and saw defendant's truck, about a block away, coming in her direction. She had only progressed a few feet into the street when the truck hit her, knocked her ·down and partly dragged and partly ran over her. The evidence for plaintiff also tended to show that defendant's truck was being driven on the wrong side of the street and was turning too closely around the street corner to go south on Madison, its intended direction.

The evidence for defendant tended to show that plaintiff and her companion were walking diagonally northeast across the intersection when she was struck and run down by defendant's truck.

The jury returned a general verdict in favor of plaintiff for $500, but answered some special questions which did not accord therewith. These read:

"Q. 1. Could the plaintiff have seen the defendant's car coming west on First avenue, after she started across First avenue, had she looked east down said street? A. Yes.

"Q. 2. Did the plaintiff, while proceeding in a northerly or northeasterly direction across First avenue, look in front and to the right to see whether defendant's automobile was approaching? A. No.

"Q. 3. Did the plaintiff do anything to avoid being struck by the defendant's automobile? A. No.

"Q. 4. Did the driver of defendant's car do everything in his power to stop the automobile and avoid striking the plaintiff when he first saw her? A. Yes.

"Q. 5. Do you find that plaintiff through her own negligence contributed to the injuries complained of? A. Yes.

"Q. 6. Do you find that the plaintiff was walking diagonally and in a northeasterly direction from the southwest corner of the intersection of Madison street and First avenue west at the time she was struck by defendant's automobile? A. Yes."

Defendant filed a motion for judgment on the special findings *non obstante;* and plaintiff moved to set aside the answers to special questions 2, 3, 4 and 5, and also moved for a new trial.

The court granted a new trial, giving as its reason therefor that—

". . . The verdict is inconsistent with the special findings, and that the special findings are contrary to the evidence; that the verdict and special findings could not both stand."

Defendant appeals, contending first that the trial court erred in overruling the demurrer to plaintiff's evidence. He contends that her evidence wholly failed to establish *any* negligence upon the part of defendant's driver. We cannot assent to that contention. According to plaintiff's evidence she was walking northward across the intersection on the east side of Madison street and had only gotten a few feet into the street when she was struck and run down by defendant's truck, which had traveled about a block while she took but a few steps. That evidence, if true, would tend to prove that the truck was being driven at a high and dangerous rate of speed. Plaintiff's evidence also tended to show that the truck was being driven on the wrong side of the street and was cutting the corner too closely at the time of the accident.

The foregoing may not be a complete summary of the evidence for plaintiff, but therefrom it is clear that a *prima facie* case of negligence was sufficiently established to withstand a demurrer and to carry the case to the jury.

Defendant directs our attention to the special findings wherein it appears that plaintiff's evidence that she was walking directly northward on the east side of Madison street across the intersection when she was struck was disbelieved by the jury, and that the defendant's evidence that she was walking diagonally across the intersection from the southwest to the northeast was believed by the jury. Of course, the special findings to that effect, together with

the special finding (No. 5) that plaintiff was guilty of contributory negligence, do destroy the general verdict; but judgment cannot be entered upon the special verdict of a jury any more than on its general verdict unless that special verdict has the unconstrained and independent approval of the trial court. Times without number this court has said that the presiding judge is in effect a thirteenth juror whose approval is as necessary to the conclusive determination of an issue of fact as that of the jurors themselves. If the trial court believes that the jurors have been mistaken in the significance they have accorded to the evidence, or have misunderstood it, or that justice has miscarried for any reason, or for no discoverable reason, it is the court's right—indeed it is its conscientious duty—to set aside whatever verdict, general or special, may stand in the way and grant a new trial on motion of either litigant or on its own motion.

In the early case of *Williams v. Townsend,* 15 Kan. 563, it was said:

"It is unquestionably the duty of the district court to set aside a verdict and grant a new trial whenever the jury have manifestly mistaken the evidence. And the district courts cannot shirk their responsibility by saying that the jury are the exclusive judges of all questions of fact; for, while this is true as long as the jury have the case under their consideration, yet, when the jury have rendered their verdict, then the judge himself becomes the exclusive judge of all questions of fact; and, while he cannot reform the verdict nor modify it in any particular, nor set it aside if it is sustained by sufficient evidence, yet, if the verdict is manifestly erroneous, he should always set it aside and grant a new trial; and he should be controlled by his own judgment in the case, and not by that of the jury." (Syl. ¶ 3.)

In the recent case of *Carlgren v. Saindon,* 129 Kan. 475, 283 Pac. 620, it was said:

"The trial court has a somewhat different duty to perform with respect to findings by a jury. The trial court must either approve or disapprove them. In determining whether it shall do so or not the trial court is not governed by the fact alone that the findings are supported by sufficient evidence, but the trial court should exercise an independent judicial judgment in which is considered the pleadings, the evidence, and the law pertaining to the matters, and also the fact that the jury has made specific findings. Having considered all of those matters, if it is the judgment of the court that the findings are proper, they should be approved; but if, having considered all of those matters, it is the conscientious judicial judgment of the court that the findings made by the jury are improper, they should be set aside." (p. 481.)

This court has often approved judgments based on special findings *non obstante veredicto,* and indeed it has often ordered judg-

ments to be entered on special findings regardless of the general verdict; but no case will be found where it has been indicated that the independent approval of the trial court of such special findings may be dispensed with and a judgment affirmed or directed on special findings based upon evidence to which the trial court gave no credence.

In *Johnston v. Lanter,* 92 Kan. 257, 139 Pac. 1031, it was said:

"By denying the plaintiff's motion for judgment on the special findings and granting his motion for a new trial the court indicated dissatisfaction with the findings as well as with the general verdict, and judgment on the special findings will not be directed in favor of the plaintiff."

In *Shore v. Shore,* 111 Kan. 101, 205 Pac. 1027, judgment was ordered on special findings, but that was because the trial court had permitted those findings to stand. This court there said:

"When the jury has stated the result of its deliberations, in verdict or in finding, and the court is called on to review the jury's work, the court must do so according to its own judgment, and should set aside verdict or finding or both, when satisfied the jury has not properly discharged its functions. (*Williams v. Townsend,* 15 Kan. 563.)" (p. 102.)

The judgment is affirmed.