No. 30,302.

THE STATE OF KANSAS, *Appellant*, v. CARL WILSON, *Appellee*.

(8 P. 2d 349.)

Opinion filed March 5, 1932.

*Roland Boynton,* attorney-general, *Robert Mason,* assistant attorney-general, *B. P. Davis,* county attorney, and *Edward Rooney,* of Topeka, for the appellant.

*E. T. Riling, John J. Riling,* both of Lawrence, and *M. A. Bender,* of Holton, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The state has appealed from a judgment granting a defendant a new trial because the trial court had found that a verdict finding him guilty of the offense of murder was contrary to the law prohibiting more than the granting of two new trials on the ground that it was against the law and the evidence. Carl Wilson, the defendant, was first prosecuted for the murder of his wife in Jefferson county, and a verdict of guilty was returned by the jury, which the court set aside upon the ground that the evidence was insufficient to sustain it. The defendant was brought to trial again in that court and the verdict of the jury in the new trial was that he was guilty of the charge. On a motion for a new trail, one of the grounds being that the verdict was not supported by the evidence, the court expressed disapproval of the verdict, but notwithstanding the evidence did not convince him of the guilt of the defendant, he refused a new trial and entered judgment against defendant because of criticism of his setting aside the former verdict granting a

new trial in the first case. An appeal to this court was taken by defendant, who urged that the court having entered a judgment after indicating that he was not satisfied with the evidence upon which the verdict was based, and because of criticism and clamor against the action of the court, he was practically coerced to refuse a new trial. Thereupon he entered a judgment of conviction. That judgment was brought to this court upon appeal and was set aside, the court holding that—

"The judge of a trial court should exercise his judicial judgment as to the justice of a verdict of guilty in a criminal case. When it is clear that he has not done so and that he has sentenced a defendant upon a verdict which in his judgment is unjust for the reason that it is not supported by the evidence, the judgment and sentence will be set aside." (*State v. Wilson,* 128 Kan. 756, syl., 280 Pac. 769.)

It appears that a change of venue was then taken to Douglas county, where a third trial was had, which resulted in the disagreement of the jury. At a subsequent term of the court in Douglas county the defendant was placed on trial the fourth time, and again the verdict of the jury was one of conviction. A motion for a new trial was filed in due course, which the court sustained upon the ground that the facts proved did not warrant a conviction, and that he withheld his approval of the verdict and granted a new trial because the verdict was contrary to the law and the evidence. This last ruling is now before us for a review. The state reserved the question and has appealed.

It is argued that the trial court had no authority to grant this the so-called third new trial inasmuch as two new trials had previously been granted upon the ground that the verdicts were contrary to the law and the evidence. This contention is founded on the statute (R. S. 62-1603), which provides that the court may grant a new trial upon several specified grounds, one of which is: "When the verdict is contrary to the law or evidence; but no more than two new trials shall be granted for this cause alone." The contention is that the ruling under consideration constituted the granting of a third new trial for the same cause and was within the prohibition of the statute. It is said that the matter of a new trial is wholly statutory and that the legislature may grant or withhold it as it sees fit, and that the statutes limiting new trials are not in violation of any of the provisions of the constitution. The first and controlling question to be determined is whether this was a third new trial and whether the second disposition of the case should be

counted as the granting of a new trial within the meaning of the statute, and if it is not, there is no occasion to consider the validity or force of the statute. There is no question as to the allowance of the motion in the first trial, and it is to be counted as one of those permitted under the statute. In the second trial it will be observed that the trial court overruled the motion for a new trial and pronounced sentence against the defendant. It is true that motion should have been granted, but it in fact was overruled. On an appeal to this court that ruling was set aside as erroneous and invalid. The result of that appeal was to give the defendant another trial, but it was ordered because the second trial was obliterated and canceled by reason of the invalid action of the trial court. What is called a second trial was not in fact a real or valid trial and cannot be counted as one of the two new trials authorized and limited by the statute. It in fact should not have been counted as another new trial if it had been granted by the trial court, as that court failed to exercise its power and duties to the end of the trial. It failed to function when it declined to follow and exercise its judicial judgment that the verdict was contrary to the evidence. As decided in *State v. Wilson*, supra, it was the bounden duty of the court when it found the evidence did not warrant a conviction to set it aside regardless of the criticism and censure of the people of the community on his earlier disposition of the first trial. When he failed to exercise his judgment he practically abdicated his authority and renounced his obligation and duty in the premises, and because of that the court held that the judgment and all the proceedings subsequent to the information were nugatory. If one or more of the jurors had left the panel or had declined to join in the approval of the verdict of conviction returned by the majority, the conviction would have been no more invalid than the one adjudged after the refusal of the judge to exercise his judgment and set aside a verdict which he could not approve. In any view the refusal and cancellation of the judgment by the supreme court takes that case out of the enumerated new trials that may be allowed because the verdicts are contrary to the law or the evidence. Under the facts and circumstances mentioned, the judgment rendered and the action of this court in canceling and setting aside the judgment on the second trial cannot be regarded as the granting of a second new trial within the meaning of the statute quoted. Only one new trial having been granted prior to the one granted in the last trial, now under con-

siderating, it must be held that the court had the power and it was its duty to set aside a verdict which in its judgment was contrary to the evidence and the law.

The judgment is affirmed.