No. 34,711

Emma Behymer, *Appellant*, v. Milgram Food Stores, Incorporated, *Appellee*.

(101 P. 2d 912)

Opinion filed May 4, 1940.

*David F. Carson* and *Paul L. Thomas,* both of Kansas City, for the appellant.

*Edwin S. McAnany, Thomas M. Van Cleave, Willard L. Phillips, Bernhard W. Alden, Patrick B. McAnany* and *Thomas M. Van Cleave, Jr.,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action for damages. The trial court sustained defendant's motion for judgment *non obstante veredicto* and plaintiff appeals.

In her petition plaintiff alleged that she entered defendant's place of business carrying a shopping bag containing articles purchased elsewhere, and when she started to leave an employee of defendant assaulted her, grabbed her shopping bag and scattered its contents on the floor, but finding nothing which had been taken from the defendant's store, ordered plaintiff out of the store; that the employee who assaulted plaintiff was possessed of such mentality as to make him vicious and wholly unfit to treat customers with respect and

care, of which defendant had, or by the exercise of ordinary care and prudence on its part, would have had knowledge, etc. We need not note allegations of claimed injuries. The answer of defendant contained certain admissions not now material and denied all allegations not admitted. As result of a trial, the jury returned a general verdict for $350 in favor of the plaintiff and answered special questions as follows:

"Q. 1: (Answer not material.)

"Q. 2: (Answer not material.)

"Q. 3: If you find a verdict in favor of the plaintiff, state which employee of the defendant it was that assaulted plaintiff. A. Danny.

"Q. 4: If you find a verdict in favor of the plaintiff, state whether the employee was acting within the scope of his employment at such time and place. A. Yes.

"Q. 5: On and prior to August 25, 1937, was it one of the regulations of the defendant that employees were not to engage in any controversy with a customer, but should such a circumstance arise, it was the employee's duty to call the manager? A. Yes.

"Q. 6: If you render a verdict in favor of the plaintiff, state upon what negligent conduct or acts of the defendant you base your verdict. A. Ill treatment by Danny.

"Q. 7: If you return a verdict in favor of plaintiff, state how much you allow her (a) for actual damages; (b) for punitive damages. A. (a) Nothing; (b) $350."

In due time the plaintiff filed her motion for judgment on the "special verdicts returned by the jury" and her motion for a new trial. Defendant filed its motion for judgment in its favor "on the special findings of the jury, notwithstanding the general verdict."

The trial court denied plaintiff's motions and sustained defendant's motion, and plaintiff appeals.

The record presented by the appellant consists solely of the pleadings, the general verdict, the special questions and answers, and the post-trial motions and the journal entry showing the ruling of the trial court thereon. On account of the state of the record, appellee challenges the right of the appellant to be heard. Certain contentions may be determined by the record presented and will be considered. We must assume that the jury was properly and fully instructed and that the evidence sustained the answers to the special questions. Indeed, the motions for judgment *non obstante veredicto* are concessions to that effect. (See *Witt v. Roper,* 149 Kan. 184, 187, 86 P. 2d 549, and cases cited.)

The general verdict was for $350. In its answers to the special

questions, the jury said it allowed plaintiff nothing for actual damages and that it allowed her $350 for punitive damages. The result is that the general verdict was for punitive damages and nothing more.

This court had a very similar state of facts before it in *Shore v. Shore,* 111 Kan. 101, 205 Pac. 1027, where it was said that punitive damages may not be recovered unless substantial actual damages have been sustained, and where it was held that—

"Punitive damages are never more than an incident to a cause of action for actual damages, nominal damages will not sustain a verdict for punitive damages, and punitive damages, when allowed, are allowed only in addition to recovered substantial actual damages.

"The fact that the defendant in an action for damages for assault and battery was actuated by malice in striking the plaintiff, will not sustain a verdict for punitive damages, when no actual damages were awarded." (Syl. ¶¶ 2, 3.)

(See, also, *Adams v. City of Salina,* 58 Kan. 246, 48 Pac. 918; *Railroad Co. v. Little,* 66 Kan. 378, 71 Pac. 820; *Telegraph Co. v. Lawson,* 66 Kan. 660, 72 Pac. 283; *Ramey v. Telegraph Co.,* 94 Kan. 196, 146 Pac. 421; and to the same effect see 17 C. J. 974 [Damages, § 270], 15 Am. Jur. 706 [Damages, § 270] and authorities cited in each.)

We need not comment on cases called to our attention holding that it is proper for the court to instruct the jury that exemplary or punitive damages may be awarded, nor to cases where judgment for such damages have been upheld. None of these cases disputes the rule that actual damages constitute the basis of the cause of action and that exemplary damages are in addition to and not a substitute for the actual damages.

Under the answer returned to the seventh question, the general verdict had no support in law and the plaintiff was not entitled to judgment.

Appellant contends that even if that be so, she was entitled to a new trial as a matter of right. At the oral argument considerable reliance was placed on what was said in *Shore v. Shore,* supra, where no motion for a new trial was filed. In that case an effort was made to have certain special findings set aside, and the entire record seems to have been before the court. Here we have only the special findings. The gist of the jury's special findings was that she had been assaulted, but that she had sustained no actual damages. In the absence of a transcript of the testimony, how can this court say either that the undisputed evidence shows she

924

did sustain actual damage, or that it was disputed whether she did or did not, or that it was undisputed she did not, or that the trial court erred? She may have been entitled possibly to nominal damages, but that would not constitute a basis for exemplary damages (*Shaffer v. Austin,* 68 Kan. 234, 238, 74 Pac. 1118; *Shore v. Shore,* supra). The answers returned by the jury to the special questions were consistent with each other, but by reason of the allowance of exemplary or punitive damages only, and the refusal to allow actual damages, they were inconsistent with the general verdict. If appellant's contention as made here is good, each time a general verdict was for plaintiff and an answer to a special question nullified it, there would be a new trial. To arrive at any such conclusion would be to nullify G. S. 1935, 60-2918, which provides that where the special findings are inconsistent with the general verdict the former control the latter and the trial court must give judgment accordingly. It has not been made to appear the trial court erred in denying plaintiff's motion for a new trial.

From what has been said, it appears that the answer to the special question that appellant sustained no actual damages was inconsistent with the general verdict, which was based on exemplary or punitive damages, and the trial court properly sustained appellee's motion for judgment *non obstante veredicto.*

We conclude there was no error in the trial court's various rulings, and its judgment is affirmed.